SOUTHERN PAC. CO. v. HAZELBUSCH.
(No. 775.)

(Court of Civil Appeals of Texas. El Paso. Jan. 10, 1918. Rehearing Denied Jan. 31, 1918.)

1. MASTER AND SERVANT ⬉203(1)—INSTRUCTION—ASSUMPTION OF RISK.

An instruction that "when plaintiff entered the services of the company he assumed the risks and dangers incident to his employment which were obvious and known to him or which he must necessarily, in discharge of his duties, have known of," is proper.

2. MASTER AND SERVANT ⬉264(1)—ASSUMPTION OF RISK—PLEADING AND PROOF.

In an action for injuries to servant, the defendant must plead and prove its defense of assumed risk.

3. TRIAL ⬉252(11) — INSTRUCTIONS — CONFORMITY TO EVIDENCE.

An instruction that a servant is presumed to understand the risks incident to his riding on top of the tender or tank of an oil burning locomotive is improper, where there was no evidence that it was a common thing for such tenders to have oil on their tops, and there was evidence that where oil was so spilled it was the duty of certain servants to remove it.

4. MASTER AND SERVANT ⬉205(2)—ASSUMPTION OF RISKS—KNOWLEDGE BY SERVANT OF DEFECT OR DANGER.

Where it was the duty of the master or his agent to remove any oil spilled on the top of the tank or tender of an engine, a servant could presume this had been done, and until he has been notified or acquired knowledge to the contrary, he does not assume the risk of slipping and falling from such cause.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by John Hazelbusch against the Southern Pacific Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Beall, Kemp & Nagle, of El Paso, for appellant. Geo. E. Wallace and W. S. Berkshire, both of El Paso, for appellee.

HARPER, C. J. Appellee based his cause of action upon the allegation that by reason of the presence of oil upon the top of an engine, upon which, in the discharge of his duties as yardmaster, engaged in interstate commence it became necessary to place himself, he was caused to slip and fall therefrom to the ground, and thereby was injured as alleged.

From the judgment entered, an appeal has been perfected. Only one assignment is urged to the effect that the uncontroverted evidence shows that plaintiff's injuries were due to risks and dangers assumed by him; therefore the court erred in refusing to instruct a verdict for the defendant.

February, 1916, plaintiff was working for the Southern Pacific Company in the capacity of yardmaster; working at night; had been working in this capacity for two years, and had had many years experience as a railroad employé. About 11:45 o'clock upon the night in question, for the purpose of looking out for incoming trains he climbed upon an engine; after he had ridden some distance he started along the top of the engine to the rear end to give instructions to the engine foreman, when at a point near the manhole through which the engines—oil burners—were filled with oil, his foot was caused to slip in some oil which had been spilled there, and thereby caused to fall to the ground, head foremost, and injured.

[1, 2] Did he assume the risks and dangers incident to the existence of this oil upon the engine in the discharge of his duties, under all the facts in evidence? Appellant's first two propositions are correct statements of the law of assumed risk, i. e.:

"When plaintiff entered the service of the company, he assumed the risks and dangers incident to his employment, which were obvious and known to him, or which he must necessarily in the discharge of his duties have known of."

But we cannot give our approval of its third proposition:

"A man of ordinary intelligence and experience in the work which plaintiff was doing at the time of his alleged injuries is presumed to understand the risks incident to his riding upon the top of the tender or oil tank of an oil burning locomotive."

The defendant must plead and prove its defense of assumed risk. Barnhart v. K. C., M. & O. Ry. Co. (Sup.) 184 S. W. 176.

[3, 4] The evidence is uncontradicted that it is next to impossible to fill these oil tanks without spilling oil upon top of them, but, upon the other hand, there is evidence that when oil is spilled it is the duty of certain employés to clean it up, and that this had not been done in this instance. The evidence in this case is not such as to make it a presumption, as a matter of law, that all oil-

burning engines have accumulations of oil upon their tops from being filled, and that persons working on them must necessarily know of it and appreciate the dangers incident thereto. If, as contended by appellant, the evidence in this case conclusively showed that it was a common thing for oil to be on top of these oil tanks, plaintiff with his two years' experience under such existing conditions might be presumed to have known the danger and therefore assumed the risks, but the evidence in this case is not of that conclusive nature as to warrant us in so determining, but it was such as to become a' question for the jury, and it has been determined against appellant. As there is evidence to the effect that the oil should not have been permitted to remain upon the tank, and the verdict of the jury, in effect, sustains such to be the fact, the plaintiff could assume that the employer or the agent had exercised proper care with respect to his safety by cleaning it off, until he has been notified to the contrary, unless his want of care and the danger arising from it were so obvious that he, an ordinarily careful person, under the circumstances, should have observed and appreciated the danger, and there is evidence that he did not, in fact, know that the oil was there, and there is no evidence that indicates that he should be charged with its discovery, but, on the other hand, the accident having occurred at midnight, in the active discharge of his duties looking to the handling of several trains, as in this case, it would seem that the presumption, if any is indulged in, should be the other way.

Finding no error, the cause is affirmed.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.