DAVID BARNHART v. KANSAS CITY, MEXICO & ORIENT RAILWAY COMPANY OF TEXAS.

No. 2446. Decided March 15, 1916.

**1.—Assumed Risk—Charge—Province of Jury.**

Defendant having plead assumed risk, but relying only on testimony introduced for plaintiff to sustain it, there was no error in instructing the jury that the burden was on defendant to show this "by a preponderance of the evidence, no matter by which side adduced, to be considered in its entirety." The direction to consider all the evidence did not require them to attach

weight to all of it, nor interfere with their right to accept or reject such as they found to be or not to be worthy of belief. The charge was favorable, not prejudicial, to defendant, and called for, in justice to it, in view of the state of the evidence on that issue. (Pp. 644-645.)

### 2.—Assumed Risk—Charge—Burden of Proof.

Though the only evidence to support the defense of assumed risk was that introduced for plaintiff, and was sufficient to raise that issue, the court properly charged that the burden of sustaining such defense was on defendant. On this issue, as on that of contributory negligence, plaintiff can not recover if his own evidence establishes such defense; but this is because it does so, not because, by it, the burden of disproving same has been shifted onto him. (Pp. 645, 646.)

### 3.—Assumed Risk—Structure Dangerously Near Track—Servant's Duty of Examination—Charge.

In an action by a brakeman injured while descending the side of a moving car by contact with a structure by the side of the track, the court, having charged on the defense of assumed risk, properly instructed the jury also that plaintiff had the right to assume that the track was free from dangerous obstructions, and was not required to investigate for their discovery. (P. 646.)

### 4.—Master and Servant—Contract Assuming Risk—Notice of Dangerous Structures.

An application for employment as a railway brakeman acknowledged receiving notice that many structures over or beside the track would not clear a person riding on top or side of cars; that his employment exposed him to great danger and that he assumed the risk. It was proper to charge that such undertaking was void as an assumption of risk from the employer's negligence, but could be considered on the question of whether plaintiff had notice of the dangerous proximity to the track of the obstruction causing his injury. (Pp. 646-648.)

### 5.—Continuance.

An application for continuance which does not comply with the requirements of the statute with regard to diligence, materiality, etc., was addressed to the discretion of the trial court. See application based on misunderstanding of counsel as to setting of case, the overruling of which showed no abuse of such discretion. (Pp. 648, 649.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Nolan County.

Barnhart sued the railway company and obtained judgment. On defendant's appeal this was reversed and the cause remanded. Barnhart obtained writ of error on the conflict of the rulings with decisions of other Courts of Civil Appeals.

*Hardwicke & Hardwicke, Woodruff & Woodruff,* and *Theodore Mack,* for plaintiff in error.—In sustaining appellant's sixth assignment of error the appellate court held differently on the same question of law with other appellate courts and overruled the decisions of the Court of Civil Appeals for the Fourth District in the case of M. K. & T. Ry. Co. v. Rothenberg, 131 S. W., 1157, as well as the decisions of that court in the case of Railway Co. v. Worcester, 100 S. W., 993, as well as a like decision of the same court in Railway Co. v. Lester, 84 S. W., 401, as well as the decision of the Court of Civil Appeals for the First District in General El. Co. v. Murray, 32 Texas Civ. App., 226, 74 S. W., 50.

In sustaining said sixth assignment the Court of Civil Appeals overruled the decisions of the Court of Civil Appeals for the Fourth District in the cases of Railway Co. v. Rothenberg, 131 S. W., 1157, 1159; Railway Co. v. Worcester, 100 S. W., 993, and Railway Co. v. Lester, 84 S. W., 401, 405; and the decision of the Court of Civil Appeals for the First District in General El. Co. v. Murray, 32 Texas Civ. App., 226, 74 S. W., 50.

The Court of Civil Appeals in sustaining the third assignment of error holds differently on the same question of law with the Courts of Civil Appeals of the following districts in the following cases, viz: Fourth District in the cases of G., H. & S. A. Ry. Co. v. Briggs, 30 S. W., 933; M., K. & T. Ry. Co. v. Blackman, 32 Texas Civ. App., 200, 74 S. W., 74; G., H. & S. A. Ry. Co. v. Smith, 24 Texas Civ. App., 127, 57 S. W., 899, and S. A. & A. P. Ry. Co. v. Waller, 27 Texas Civ. App., 44, 65 S. W., 210. Fifth District in the case of M., K. & T. Ry. Co. v. Box, 93 S. W., 134    First District in the cases of T. S. V. & M. Co. v. Guy, 23 S. W., 633, and S. A. & A. P. Ry. Co v. Brooking, 51 S. W., 537. Also it thereby overruled itself in the following cases, viz: G., C. & S. F. Ry. Co. v. Hohl, 29 S. W., 1131; Ft. Worth & D. C. Ry. Co. v. Wilson, 3 Texas Civ. App., 583, 24 S. W., 686.

Appellee when he entered the service of appellant had the right to assume that the track was free from obstructions so near the track as to endanger him and was not required to make investigation, etc., to see that the master had discharged its duty. M., K. & T. Ry. Co. v. Hannig, 91 Texas, 347; T. & P. Ry. Co. v. Everhart, 91 Texas, 321; M., K. & T. Ry. Co. v. Hoskins, 34 Texas Civ. App., 627, 79 S. W., 369; Gentry v. Stephenville Mill, 127 S. W., 879; Cunningham v. Neal, 109 S. W., 455; M., K. & T. Ry. Co. v. Blackman, 32 Texas Civ. App., 200, 74 S. W., 74; So. Kan. Ry. Co. v. Sage, 80 S. W., 1038; St. L. & S. F. Ry. Co. v. McClain, 80 Texas, 85.

The general rule of law being that a servant has the right to assume that the master has not been negligent and is under no duty to inspect in such state of case as this one, and the master having introduced in evidence a semi-contract by which the master undertook to escape the duty of proper care, and such semi-contract being invalid and furnishing the only testimony tending to change the general rule as to the right of the servant to assume safety and under no duty of inspection, it was not error for the court to give the instruction complained of, but under the law it was obligatory on the court to give such instruction so the jury would not be misled by reason of an unlawful undertaking introduced in evidence. An attempt to shift from the master to the servant the duties of the master renders such contract void, and, while it is proper for the master to advise the servant of dangers, such contract in so far as it attempts to so advise, is fully met by charging the jury that such contract could be considered for no purpose except as to the knowledge of the servant. Acts 1909, p. 279; G., C. & S. F. Ry. Co. v. Darby, 28 Texas Civ. App., 413, 67 S. W., 446.

*H. S. Garrett* and *H. G. McConnell,* for defendant in error.—The charge with respect to the burden of proof on the issue of assumed risk, when interpreted in the light of the comprehension of the term assumed risk as commonly used in this State, and in the light of the term as used in the court's charge, placed upon defendant the burden of showing that plaintiff's injury did result from an ordinary risk of his employment, and thus, under the facts of this case, absolves plaintiff from showing that his injuries resulted from defendant's negligence, and therefore constitutes positive fundamental error; hence the Court of Civil Appeals did not err in sustaining an assignment complaining of such instruction. There is a well marked distinction between assumed risk and contributory negligence, and the trial court should not confuse the two defenses. T. & P. Ry. Co. v. Bryant, 8 Texas Civ. App., 134, 27 S. W., 825; Railway Co. v. Hohl, 29 S. W., 1131; Railway Co. v. Bingle, 9 Texas Civ. App., 322, 29 S. W., 674; Railway Co. v. Foth, 100 S. W., 171; C. O. & G. R. Co. v. Jones, 77 Ark., 372, 92 S. W., 246, 4 L. R. A. (N. S.), 837; Rigsby v. Oil Well Supply Co., 115 Mo. App., 297, 91 S. W., 460; Martin v. Light Co., 131 Iowa, 724, 106 N. W., 359; Columbia Creosoting Co. v. Beard (Ind.), 89 N. E., 323; G., H. & H. Ry. Co. v. Hodnett, 106 Texas, 190, · 163 S. W., 13; Seaboard Air Line Ry. Co. v. Horton, 233 U. S., 492, 58 L. Ed., 1062; C. N. O. & T. P. Ry. Co. v. Golston (Ky.), 161 S. W., 246; P. & N. T. Ry. Co. v. Winkler, 179 S. W., 691.

The term "assumed risk" as commonly used covers both "ordinary risks" and "extraordinary risks." The burden is always on plaintiff to show that the injury did not result from an ordinary risk, although it may be otherwise as to extraordinary risks. 2 Labatt on Master and Servant, sec. 841a and authorities cited; Martin v. Light Co., 131 Iowa, 724, 106 N. W., 359; Duffey v. Consolidated Block Coal Co., 30 L. R. A. (N. S.), 1067; Tucker v. Northern Pacific Terminal Co., 41 Ore., 82, 68 Pac., 426; Orange Lumber Co. v. Ellis, 105 Texas, 363, 150 S. W., 582; H. & T. C. Ry. Co. v. Alexander, 102 Texas, 497, 119 S. W., 1135; page 1218, case note, vol. 28 L. R. A. (N. S.); 5 Ency. of Ev., 520, and cases cited; McDonald v. Champion Iron & Steel Co., 140 Mich., 401, 103 N. W., 829.

The Assumed Risk Act of 1905 has no application to ordinary risks. H. & T. C. Ry. Co. v. Alexander, 102 Texas, 497, 119 S. W., 1135.

Plaintiff's own testimony and the case made for him by the testimony introduced in his behalf laid him liable to the charge of assuming the risk of the injury, even if the same resulted from defendant's negligence, hence it devolved upon plaintiff to clear himself from the presumption of such assumed risk and it was positive fundamental error for the trial court to place the burden upon the defendant to show that plaintiff assumed such risks. Dallas & Wichita Railway Co. v. Spicker, 61 Texas, 427, 48 Am. Rep., 297; Railway v. Murray, 73 Texas, 5, 11 S. W., 126; Mo. Pac. Ry. Co. v. Foreman, 73 Texas, 314; Railway Co. v. Reed, 88 Texas, 439, 31 S. W., 1058; Arabello v. Railway Co., 11 S. W., 916;

Railway Co. v. Sheider, 88 Texas, 162, 30 S. W., 904; Railway Co. v. Hill, 95 Texas, 629, 69 S. W., 136; Galveston Rope & Twine Co. v. Burkett, 2 Texas Civ. App., 308, 21 S. W., 958; H. & T. C. Ry. Co. v. Barrager, 14 S. W., 242; Kenney v. Lane, 9 Texas Civ. App., 150, 36 S. W., 1063; 2 Labatt on Master and Servant, sec. 841.

The charge of the lower court enjoining upon the jury the duty of considering the evidence in its entirety in passing upon the issue of assumed risk was fundamentally erroneous. The phrase "in its entirety" indicated that the evidence was to be considered as a whole and precluded the assumption that the jury might discard a portion thereof as without evidentiary force. Webster's International Dictionary, definitions of "entire" and "entirety"; Black's Law Dictionary, "entire" and "entirety"; Bouvier's Law Dictionary, "entirety"; Burrill's Law Dictionary, "entirety"; 15 Cyc., 1054, "entirety"; 3 Words and Phrases, 2410, "entire"; id., 2414, "entirety"; 2 Beach, Modern Law of Contracts, sec. 921, phrase "in its entirety," applied to contracts; Jones & Co. v. Gammel-Statesman Pub. Co., 94 S. W., 191, considering contract "in its entirety"; 2 Blackstone's Comm., 188; 2 Kent's Comm., 132, 4 id., 3623, estate "in its entirety"; Farmers & Traders Natl. Bank v. Woodell, 38 Ore., 294, 61 Pac.; 837, court's charge to be considered "in its entirety"; Butler v. Detroit, etc., Ry. Co., 138 Mich., 206, 101 N. W., 232, error to charge jury to believe theory of one of the parties "right through"; Pennsylvania Co. v. Hunsley, 23 Ind. App., 37, 54 N. E., 1071, error to charge that jury "should" consider certain evidence; M., K. & T. Ry. Co. v. Barnes, 42 Texas Civ. App., 626, 95 S. W., 715, error to indicate that less than all of testimony insufficient to determine an issue; Bank of Fayetteville v. Nimocks, 124 N. C., 352, 32 S. E., 717, error to require determination of issue from the "whole evidence" since jury can reject part if they see fit.

Since a material issue in this case was whether plaintiff had actual knowledge of the standpipe and therefore assumed the risk, both "ordinary" and "extraordinary," and there was evidence tending to support the affirmative of such issue, it was positive error, the result of which was to minimize if not actually destroy the defense of assumed risk, for the court to instruct the jury that plaintiff had the right to assume the absence of such obstruction and was not required to make any investigation to determine the existence of such obstruction.

The court erred in refusing to grant defendant's first application for continuance as shown by defendant's bill of exceptions No. 1, which error was duly called to the attention of the trial court in defendant's motion for new trial. Rev. Stats. of Texas, art. 1278; G., C. & S. F. Ry. Co. v. Mitchell, 18 Texas Civ. App., 380, 45 S. W., 819; St. L. & S. F. Ry. Co. v. Woolum, 84 Texas, 570, 19 S. W., 782; Houy v. Gamel, 26 Texas Civ. App., 123, 62 S. W., 76; Lynch v. Munson, 61 S. W., 140.

MR. JUSTICE YANTIS delivered the opinion of the court.

The plaintiff in error, David Barnhart, recovered a judgment in the

District Court of Nolan County, Texas, for personal injuries received by him while working as a brakeman for the defendant in error in its yards at Sweetwater, Texas. At the particular time of the injury which was received by him he was descending a ladder on the side of a box car, and while doing so he came in contact with an iron standpipe several inches in diameter which had been constructed by the defendant in error near the track on which the plaintiff in error was riding. The injury resulted in the amputation of his arm. He alleged that the defendant railway company was guilty of negligence for a failure to exercise ordinary care to furnish him a reasonably safe place in which to work, in that it constructed said standpipe in such close proximity to its track along which plaintiff was required to discharge his duties as to bring him in contact therewith, and that in the exercise of ordinary care the defendant railway company should have placed the same a sufficient distance from the track to avoid injuring him while engaged in the discharge of his duties; that by reason of this negligence on the part of said railway company, while descending said ladder in the discharge of his duties he came in contact with said standpipe and was thereby thrown from said ladder and fell under the moving train, causing the injuries complained of.

The defendant railway company answered with a general denial; also with a special denial that the standpipe had been erected or permitted to stand in close proximity to its tracks; that said standpipe was erected by it for the purpose of obtaining water with which to operate its engines, and that it was properly constructed in said yards, and was erected a reasonably safe distance from each of its tracks.

The defendant railway company further alleged that if Barnhart did come in contact with said standpipe it was the result of his own negligence in projecting his body an unreasonable and unnecessary distance from the side of the car. The defendant railway company further pleaded as one of its defenses, that the injury which was received by Barnhart was assumed by him as one of the risks ordinarily incident to his employment. It further pleaded as another defense that the location of the standpipe was patent and obvious, and that the plaintiff had observed the same, and was familiar with its location, and that he expressly assumed the risk of his injuries.

The defendant in error offered no evidence in support of its defenses thus pleaded except such as may have been adduced by the plaintiff himself while testifying on the witness stand in his own behalf, and Barnhart's application for employment, which was introduced by the defendant in error, by which Barnhart agreed that he would be exposed to great danger in the course of his employment, and that he assumed for himself the risk of such danger.

The case was tried by a jury, and Barnhart was allowed damages. The case was submitted to the jury on a general charge, and not upon special issues. From the judgment of the District Court the defendant railway company appealed to the honorable Court of Civil Appeals for

the Second District.   In that court the case was reversed and remanded, that court sustaining several of the assignments of error presented therein by the defendant railway company.   One of its holdings was that the following portion of the court's main charge was erroneous:

"You are further charged that the burden is upon the defendant to show its defense of assumed risk, by a preponderance of the evidence, no matter by which side adduced, to be considered in its entirety."

The honorable Court of Civil Appeals held in relation to said charge that it was erroneous in that it commanded the jury to consider the evidence in its entirety, and thereby compelled the jury to consider all the evidence, when it was within their province to exclude any portion of the evidence from their consideration.   This court granted a writ of error on the application of Barnhart, on the ground of conflict, said holding being in conflict with the holding of other Courts of Civil Appeals in the cases of Missouri, K. & T. Ry. Co. v. Rothenberg, 131 S. W., 1157; Galveston, H. & S. A. Ry. Co. v. Worcester, 100 S. W., 990; San Antonio & A. P. Ry. Co. v. Lester, 84 S. W., 404, and General Electric Co. v. Murray, 74 S. W., 51.

We think the honorable Court of Civil Appeals was in error in its holding in this case on said question.   We do not think the court's direction to the jury, contained in said charge, compelled the jury to give effect to any portion of the evidence.   Clearly it would have been error to do so.   The court commanded the jury to consider the evidence in its entirety, no matter by which side adduced.   The plain purpose of this charge was to protect the defendant railway company from an injustice which might otherwise have resulted to it.   Without this charge the jury might have conceived it to be their duty to exclude, when considering the defenses, any evidence not introduced by the defendant.   The defendant had specially pleaded the defense of assumed risk in two separate pleas, and in two different forms, one as a risk ordinarily incident to the employment, the other as a risk that was obvious, and known to Barnhart.   It had not placed a witness upon the stand to establish either of said defenses.   It contends now, and had a right to contend in the trial court, that a portion of the evidence of the plaintiff himself was sufficient, in connection with Barnhart's application and contract of employment, to establish said defenses. Yet the jury, unless specially instructed upon it, might have fallen into the error of excluding, while considering such defenses, the evidence given by the plaintiff himself, bcause he was not introduced as a witness by the defendant railway company.   It was to guard against this that the trial court, in a spirit of fairness toward the defendant in error, charged the jury to consider the evidence on the question of assumed risk, no matter by which side adduced, in its entirety.   We do not think the expression "to be considered in its entirety" in any way invaded the province of the jury.   It was not a command to them to give effect to any portion of the evidence.   It was merely a command to consider the evidence.   This is not equivalent to a direction that

the jury should give effect to the evidence in its entirety. The charge allowed the jury to discard any of the evidence which they might believe, after considering it, was entitled to no weight, and to exclude all testimony that the jury might consider was not credible, and at the same time to give effect to any evidence they considered of value. It would seem to us difficult, if not impossible, for the jury to pass upon the credibility of the witnesses, and the weight to be given to their testimony, as the law requires them to do, without first considering it. In considering the evidence under this charge they were allowed the utmost freedom in giving or not giving effect thereto in arriving at their verdict. It is worthy of note that the charge complained of is immediately followed by that portion of the court's charge which told them that they were the "sole judges of the credibility of the witnesses, the weight to be given to the testimony, and of the facts proved." We think the charge complained of, when properly construed, and especially in the light of the specific instruction to the jury that they were the sole judges of the credibility of the witnesses, and the weight to be given to their testimony, was not misleading, and that instead of being harmful to the defendant railway company, by its plain meaning it was beneficial to it in directing the jury to consider in behalf of the defendant some of the evidence that was introduced by the plaintiff which they otherwise might not have felt it their duty to do.

The further contention is made by the defendant in error that said charge is erroneous in placing the burden of proof upon the defendant to show its defense of assumed risk. This contention was made by counsel for the defendant in error in oral argument, which has been supplemented by an exceptionally able printed argument. We have given the most careful attention to the question, and have reached the conclusion that it is without merit. The defendant in error voluntarily pleaded assumed risk as a defense, and the burden was upon it to establish its defense. With the plea and defense of assumed risk it sought, as was its legal right to do, to overcome the plaintiff's charge against it of negligence. It sought to prove by this defense that the injuries did not result to the plaintiff in error from its negligence. This defense of assumed risk, if established, would defeat a recovery by the plaintiff in error. Under such circumstances we do not think that the burden of proof was upon the plaintiff, as contended by the defendant in error, to disprove its defense of assumed risk. It is true that if the plaintiff's own evidence established that his injuries resulted from a risk which the law required him to assume, he would be denied a recovery. But this does not arise because the burden of proof was upon him to disprove assumed risk, but the defeat of his recovery in such instance is required because he did in fact prove that his injuries resulted from assumed risk. The question has been passed upon many times in this court where it arose out of the question of contributory negligence. The earlier cases tended to hold that the burden of proof was upon the plaintiff in a negligence case to prove that his injuries

did not result from contributory negligence, but the later uniform holdings of this court upon that question have been, that though the plaintiff is required to remove or overcome a serious taint of contributory negligence which his own case has developed, yet the burden of proof does nòt shift to him, but is properly placed upon the defendant. He ·may be denied a recovery because his own case shows that his injuries resulted from contributory negligence, but this is because of that fact, and not because the burden of proof was upon him to disprove contributory negligence. If he presents a case which does not suggest contributory negligence on his part, he need not affirmatively establish, in order to recover,· that his injuries did not result from his own contributory negligence. It remains the privilege, however, of the defendant in such a case to plead as a defense that his injuries did result from contributory negligence. But when thus voluntarily presenting the issue as a defense in its favor the defendant in a negligence case has the burden of proving such defense, and the court properly so charges the burden upon it. Houston & T. C. Ry. Co. v. Harris, 103 Texas, 425; Houston & T. C. Ry. Co. v. Anglin, 99 Texas, 354.

The rule should be the same, as applied to the defense of assumed risk. As the reason is the same, the rule should be the same; and when the defendant in a negligence case has voluntarily pleaded assumed risk as a defense to the plaintiff's case, the burden should be upon it to establish its defense, and the court should so direct the jury.

The honorable Court of Civil Appeals held that there was error in giving the plaintiff in error's special charge No. 2. We think it was proper to give this charge. The substance of it was, that the plaintiff in entering the employment of the defendant had the right to assume that the track of the defendant company was free from obstruction so near the track as would expose him to danger, and that he was not required to make any investigation or examination of the track to see that it was free from obstruction along and near thereto. The court had charged fully in behalf of the defendant in error on its defense of assumed risk. We think the duty then arose, in order that the jury might not be misled, for the court to advise them that it did not devolve upon the plaintiff to make an inspection of the place which had been provided him in which to work to ascertain if the defendant in error had been guilty of negligence in placing some obstruction so near the track as that he might be injured. The plaintiff had the right to rely upon the master to furnish him a safe place to work, and he need make no inspection to ascertain whether the master had discharged this duty. He assumed the risks ordinarily incident to his employment, but. he did not assume the risks arising from the master's negligence in failing to furnish a safe place in which to work, unless the danger was obvious, or unless he had actual knowledge thereof. We think the charge was proper in form, and appropriate, under the evidence, to be given.

On entering· the employment of the defendant in error Barnhart

signed an application containing, among other things, the following stipulation:

". . . as Chief Dispatcher, has this day informed me of the duties connected with the employment I am about undertaking, viz., that of condr. or brakeman and has explained to me that the performance of said duties will expose me to great danger, the risk of which I assume for myself; and that I must use proper and constant care to avoid injury to myself and others. I have received a copy of the Time Table containing the printed Rules and Regulations of said Railway, with which I am to make myself familiar, and by them and such additions thereto as may be made from time to time, agree to be governed.

"And I hereby acknowledge that I have been notified that there are numerous Bridges, Buildings, Tunnels, Viaducts, Stock Yard Chutes, Platform and Coal Chutes and other obstructions now located and others may be constructed from time to time which will endanger my life and limb, and I agree in consideration of my employment to familiarize myself with same and use due care for my safety without further notice from the Railway Company, and I accept the notice from said Railway Company that few, if any, of the aforesaid buildings or obstructions will clear a man riding on the top or side of a car, and that I am to use constant care for my safety in working about same."

The court charged the jury in substance that said application was void, and could be considered by the jury for no purpose, except in so far as the same might show or tend to show that plaintiff knew of the danger or risks, if any, arising from the proximity of the standpipe to the track of the defendant. It is contended by the defendant in error that this charge was erroneous because misleading, and having a tendency to minimize the effect of the document as evidence of notice to the plaintiff in error of the existence of the standpipe. The honorable Court of Civil Appeals sustained this view. We think this was error. We do not think there is any merit in the contention of the defendant in error in relation to this charge. It is the settled law of Texas that a contract of this nature is void because against public policy. The effect of this contract was to relieve the defendant in error from damages growing out of its negligence in placing an obstruction too near the track, and to require its servant to assume the risk of injury. This would be transferring by contract the burden which rested in law upon the defendant in error to the shoulders of its employe. It would be to entirely relieve the defendant in error from the consequences of its tortious act, and to. impose by contract upon its servant the burden of bearing the loss which did not by law rest upon him, but by the law of the land did rest upon the defendant in error. The injustice of this is so abhorrent that it is held to be in violation of public policy, and void. This being true, it follows that it was not error to charge the jury that so far as the contract imposed such purpose, it was void. If the court had not so charged the jury, what would have been the probable result upon Barnhart's case? It is plain to us that the jury

might probably have decided against him, on the illegal ground that he had contracted his cause of action away; that he had agreed to assume the loss which he was then suing to recover. It was to avoid this injustice which made it incumbent upon the trial court to instruct the jury that said contract was void, except in so far as it tended to show that the plaintiff knew of the danger or risk arising from the proximity of the standpipe to the track.

Very earnest complaint is made here by the defendant in error against the action of the trial court in overruling its application for a continuance. The application for a continuance presents only an equitable showing, and does not purport to be a statutory application. It fails to show that Webster, the witness desired by it, had been summoned as a witness, or that any process had ever issued for him. It fails to aver affirmatively that his evidence was material. It fails to allege his place of residence. It fails to show that it had used due diligence to secure his attendance upon the trial, and fails to allege any facts whatever from which it might be concluded that it had exercised due diligence. It only states that he was called to Kansas City on April 12th, where he was a witness in a civil suit against it pending at such place. It does allege that he was defendant in error's chief engineer, and that the defendant expected to prove by him that the standpipe was a usual and proper appliance for the purpose for which it was used, and constructed at a safe distance from the cars and ladders, and that there was ample space between said cars and standpipe to enable plaintiff to pass between said cars and standpipe with safety if he had used ordinary care in the performance of his work. It does not allege what he would have testified as to the distance between the standpipe and the track. It does allege that it was impossible for the defendant in error to procure such testimony as desired from any other source.

The main insistence is, that the defendant in error's counsel were taken by surprise by the court in calling the case for trial at the time it did. It is alleged in the application for a continuance that the case had been pending about six months prior to the trial, but that there were several other cases against the defendant on the same docket but none of them were tried during the first week of court, but that several of the cases were reset for April 11th, April 12th, and April 14th, and that "No resetting of the Barnhart case having been brought at that time to the notice of the defendant, or any of its counsel, but on the contrary counsel for the defendant were of the impression that the court had reset the Barnhart case for the 14th, with directions that it should follow in regular order the Hall and Polk cases, and so understood the court to announce"; that the defendant's counsel acted upon such assumption and made no preparation for trial of the Barnhart case during that week, because they were under the impression that the other cases would be tried first, and that if they were, it would not be possible to try the Barnhart case that week.

The application nowhere alleges that the case had not been set for

the day upon which it was called for trial, but the allegation is that no resetting had been brought to their notice, and that they were under the impression that the case had been set for the 14th. The record shows that the application for a continuance was presented on April 13th, and the trial was not had until April 14th. It is probable that accurate measurements of the distance between the standpipe and the track could have been taken after the adjournment of court on the 13th of April, or before court convened the next morning. It appears from the record that the plaintiff proved by G. P. Russell that he had taken such measurements, and that the standpipe was $53\frac{1}{2}$ inches from the south rail of the track, and that the average box car would extend over the rail on either side about 30 inches, not including the step.

The court's explanation to the bill of exceptions which presents this question shows that the case was reset in the presence of counsel for the defendant for the very day it was called for trial. It also shows that the defendant's witness J. H. Webster was never subpoenaed as a witness, and that he was in attendance upon court, and left just the day before the trial of the case. The application was addressed, as an equitable application, and not a statutory one, to the discretion of the trial court, and there being nothing to indicate an abuse of that discretion, we find no error in its refusal.

We have carefully examined the other questions presented for review, and find no reversible error in the rulings of the trial court. For the errors indicated by the honorable Court of Civil Appeals in reversing the case, its judgment should be reversed, and the judgment of the District Court should be affirmed, and it is so ordered.

*Reversed and judgment of District Court affirmed.*