**TEXAS HEALTH ENTERPRISES, INC., Appellant**

v.

**Teresita Belen KIRKGARD, Thelma Jean Rogers, Jean Brown, Mercy Smith, Maria Leal, Merle Kehl, Beatrice Reyna, Melissa Mikle Kramer, and Marie Chapman, Appellees.**

No. 09–93–334 CV.

Court of Appeals of Texas, Beaumont.

Submitted May 19, 1994.

Decided Aug. 25, 1994.

Rehearing Overruled Sept. 14, 1994.

Mark Rayburn, Strong, Pipkin, Nelson & Bissell, Beaumont and Stephen Greenberg, Small, Craig & Werkenthin, Austin, for appellant.

Lindsey B. Whisenhant and Robert M. Wood, Woodville, for appellees.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

Teresita Belen Kirkgard and Thelma Jean Rogers initiated this action, alleging Texas Health Enterprises ("T.H.E.") wrongfully terminated their employment for refusing to sign a waiver of their rights under the Texas Workers' Compensation Act. The case was removed to federal court, then remanded to state court. The federal district court's order stated: "it is untrue that Plaintiffs' allegations are necessarily federal in character in that they fall under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*" Kirkgard and Rogers obtained an interlocutory partial summary judgment on the issue of liability under Tex. Rev.Civ.Stat.Ann. art. 8307c.[1] Connie Jones, Jean Brown, Mercy Smith, Maria Leal, Cathy Stewart, Merle Kehl, Beatrice Reyna, Melissa Mikle, and Marie Chapman joined the suit as plaintiffs.[2] The trial court directed a verdict of liability for violation of Article 8307c. The jury found total actual damages of $65,096 and exemplary damages of $765,000. Appellant raises fourteen points of error, which we address as grouped in appellant's brief.

T.H.E. is a non-subscriber to the Texas workers' compensation system. T.H.E. developed an employee injury benefit plan under ERISA[3]. The benefits provided in the plan were not comparable to benefits provided through workers' compensation. T.H.E. demanded all its employees execute a waiver of all workers' compensation and common law rights to sue T.H.E. for on-the-job injuries. T.H.E. fired the appellees for refusing to sign the waiver.[4]

The first six points of error aver:

Point of error one: The District Court erred in holding, as a matter of law, that Appellant had violated Art. 8307c. V.T.C.S., and in granting Appellees' (Plaintiffs') motion for a directed verdict of liability for violation of Art. 8307c V.T.C.S.,

---

1. Repealed Acts 1993, 73rd Leg., ch. 269, § 5(1), 1993 Tex.Gen.Laws 1273. The current version of the statute, Tex. Labor Code Ann. § 451.001 (Vernon Pamph. 1994), provides:
   A person may not discharge or in any other manner discriminate against an employee because the employee has:
   (1) filed a workers' compensation claim in good faith;
   (2) hired a lawyer to represent the employee in a claim;
   (3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; or
   (4) testified or is about to testify in a proceeding under Subtitle A.

2. Stewart and Jones disposed of their claims and are not parties to this appeal.

3. The Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*

4. Appellees Leal, Smith and Reyna later signed the waiver and returned to work at T.H.E.

while simultaneously finding that none of the factual prerequisites to violation of Art. 8307c had occurred.

Point of error two: The District Court erred by granting the Motion for Partial Summary Judgment of Appellees KIRK-GARD and ROGERS, and by denying Appellant's Motion for Summary Judgment.

Point of error three: The District Court erred by attempting to conform its rulings on motions for instructed verdict and the instructions in the Charge to the jury with its earlier erroneous summary judgment ruling.

Point of error four: The District Court erred by denying Appellant's motions for instructed verdict.

Point of error five: The District Court erred by denying Appellant's Motion for Judgment NOV and Motion to Vacate Judgment.

Point of error six: The court committed fundamental error by erroneously instructing the jury in the charge that Defendant had violated the law, while simultaneously finding that none of the factual prerequisites to violation of Art. 8307c had occurred.

The question presented by the parties is whether former Article 8307c applies to situations where the employee of a non-subscribing employer is fired for refusing to waive her right to sue for injuries under the Texas Workers' Compensation Act. Employees of non-subscribers are immune to employer defenses of contributory negligence, assumption of the risk, and the fellow servant rule. Tex.Rev.Civ.Stat.Ann. art. 8308–3.03, see now Tex. Labor Code Ann. § 406.033. Article 8308–3.09, now found in the Labor Code at section 406.035, provides that any agreement to waive the employee's right to compensation is void. T.H.E. not only forced its employees to waive their rights under the act, it forced its employees to waive their rights under the common law as well.

■ Article 8307c refers to "employees" without limitation to employees of subscribing employers. Thus, the statute applies equally to employees of subscribers and non-subscribers. *Hodge v. BSB Investments,*

*Inc.,* 783 S.W.2d 310 (Tex.App.—Dallas 1990, writ denied). Courts of appeal have recognized the validity of a cause of action under article 8307c where employment is terminated before the employee has actually filed a claim. *Mid–South Bottling Co. v. Cigainero,* 799 S.W.2d 385 (Tex.App.—Texarkana 1990, writ denied); *Texas Steel Co. v. Douglas,* 533 S.W.2d 111 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.). These cases recognize that evidence that an employee took steps towards instituting a proceeding under the Act is sufficient to support a finding that the employee "filed a claim." This case differs from those cited by appellees, in that the appellees did not sustain physical on-the-job injuries before they were fired. However, T.H.E.'s demands violated Article 8308–3.09, which prohibits waiver of rights under the Act. T.H.E. terminated these employees for taking steps preparatory to maintaining a proceeding under the workers compensation act. We find no error by the trial court. Points of error one through six are overruled.

■ Point of error seven maintains: "The District Court erred in overruling Appellant's pleas to the jurisdiction and special exception B; and the Court compounded that error and exceeded its jurisdiction by holding that Defendant's ERISA Plan is 'contrary to public policy, void and illegal.'" T.H.E. contends the trial court exceeded its jurisdiction by ruling the entire ERISA plan is void as against public policy. The court's order granting partial summary judgment contains very broad language, but the trial court clarified its ruling in the judgment, which states: "The *waiver* defendant imposed on its employees as a condition of employment is contrary to public policy, void, and illegal." [emphasis added] It appears the trial court actually ruled the waiver was void, rather than the ERISA plan.

Hon. Robert M. Parker, Chief Judge of the United States District Court, Eastern District of Texas, presumably resolved this issue adversely to T.H.E. when he remanded the case back to state court because "it is untrue that Plaintiffs' allegations are necessarily federal in character in that they fall under [ERISA]." In rejecting a remarkably simi-

lar argument in an unrelated case involving the same employer, another United States District judge held: "[N]othing in either ERISA's text or legislative history indicates that Congress meant to override state laws prohibiting employers from forcing employees to forego common-law rights by compelling participation in an ERISA plan." *Sperling v. Texas Health Enterprises, Inc.*, 791 F.Supp. 662, 664 (S.D.Tex.1992). Appellees are not seeking benefits under the ERISA plan. This lawsuit concerns a waiver of statutory and common law rights, a matter which relates to the employer-employee relationship rather than appellees' relationship with T.H.E. as an ERISA plan provider or administrator. Furthermore, the waiver is an attempt to avoid liability for T.H.E.'s negligence. *See Barnhart v. Kansas City, M. & O. Ry. Co. of Texas*, 107 Tex. 638, 184 S.W. 176, 179 (1916); *Hazelwood v. Mandrell Industries, Co.*, 596 S.W.2d 204 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). The waiver is not a material part of the ERISA plan because it involves the exercise of traditional state authority and bears only an incidental effect on the ERISA plan. *Westbrook v. Beverly Enterprises*, 832 F.Supp. 188 (W.D.Tex.1993). We find the trial court properly exercised jurisdiction in this case. Point of error seven is overruled.

Points of error eight through ten contend:

Point of error eight: The District Court erred by creating, and allowing retroactive recovery upon, a new and unprecedented cause of action for wrongful termination of employment....

Point of error nine: The District Court erred by overruling Defendant's special exceptions.

Point of error ten: The District Court erred by refusing to submit to the jury in the Charge substantially correct instructions regarding employment at will that Appellant submitted to the Court for inclusion in the Charge.

■ Appellant argues the appellees failed to state a claim for termination of employment which was an exception to the employment at will doctrine expressed in *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99 (1888). The employees recovered pursuant to Article 8307c. An employment agreement limiting a non-subscribing employer's liability for job-related injuries is void as against public policy. *See Barnhart*, 184 S.W. at 179; *Hazelwood*, 596 S.W.2d at 206. Since such an agreement is void, the requested instruction would not assist the jury in its determinations. Points of error eight through ten are overruled.

The remaining points of error challenge the damage awards, to-wit:

Point of error eleven: The District Court erred by denying Appellant's Motion for New Trial.

Point of error twelve: The District Court erred by entering judgment for damages for which there was no evidentiary support and which were based upon the jury's findings in an erroneous Charge, to which proper objections had been made.

Point of error thirteen: The District Court erred by entering judgment for damages which were excessive and were contrary to the great weight and preponderance of the evidence, which was not legally or factually sufficient to support the damages awarded.

Point of error fourteen: The District Court erred by failing to require a remittitur of the excessive damages in response to Appellant's complaint about their excessiveness in Appellant's Motion for New Trial.

■ The trial court instructed the jury to consider past and future lost wages and benefits, and past and future mental anguish, in determining actual damages. Appellant does not raise charge error on appeal, but limits its challenge to the sufficiency of the evidence to support the amount of actual damages awarded. Each plaintiff testified to his or her lost wages, which varied from $1200 to $5000. The jury found actual damages ranging from $6408 to $7880. We find each of the awards for actual damages are supported by the evidence. A few thousand dollars attributed to mental anguish is well within the jury's discretion given the plaintiffs' testimony regarding the trauma, embarrassment, loss of sleep, and concern for patients they felt when they were summarily dismissed for

refusing to sign the waiver of rights. We reject appellant's argument that the appellees could have mitigated their damages by waiving their rights; that argument means nothing more than appellant would not have retaliated against them had they not sought to exercise their rights under state law.

The jury awarded $85,000 to each plaintiff as exemplary damages. We must carefully scrutinize punitive damages to ensure they are amply supported by evidence. *Ellis County State Bank v. Keever*, 37 Tex. Sup.Ct.J. 1117, 1994 WL 278170 (June 22, 1994); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex.1994). We consider the nature of the wrong, the character of the conduct involved, the degree of culpability of the wrongdoer, the situation and sensibilities of the parties concerned, and the extent to which the conduct offends a public sense of justice and propriety. *Alamo Nat. Bank v. Kraus*, 616 S.W.2d 908 (Tex.1981).

T.H.E. complains all it did was provide an ERISA plan for its employees and adopt "measures intended to safeguard the assets of the Plan to insure availability of benefits for beneficiaries of the plan." T.H.E. argues no reasonable employer could have anticipated the result in this case. Much depends upon the eye of the beholder, the beholder in this case being the jury. T.H.E. seeks to move the focus of the dispute away from the waiver and on to the ERISA plan. The ERISA plan is not at issue in this suit; the subject of this litigation is T.H.E.'s retaliatory firing of the appellees for refusing to waive their rights under the workers compensation act and their right to sue their employer for its negligence in the event of an on-the-job injury. To argue that no reasonable employer could anticipate being sued for firing an employee for refusing to agree not to sue the employer for the employer's negligence requires a myopia obviously not experienced by the jury. From the testimony of T.H.E.'s officers, the jury could determine that the decision to terminate appellees was the result of a calculated effort to increase the company's profit margin by ensuring that it could not be sued for injuries to its employees incurred in the scope of employment. These employees had limited employment opportunities and limited educations. T.H.E. has over $71,000,000 in assets. We find nothing excessive in the amount of punitive damages awarded in this case, given the relative positions of the parties and the offensive nature of the conduct. Point of error eleven through fourteen are overruled. We affirm the judgment.

AFFIRMED.