Jennie L. BROOM, Appellant,

v.

BROOKSHIRE BROTHERS, INC., Appellee.

No. 12–94–00281–CV.

Court of Appeals of Texas, Tyler.

Nov. 30, 1995.

---

Reese P. Andrews, Waco, Gregory D. Smith, Tyler, for appellant.

Curtis W. Fenley, Lufkin, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

This is a suit for damages by an employee against her non-subscriber employer and for wrongful discharge. A jury found that Brookshire Brothers, Inc. ("BBI") was not negligent, but that it had discharged Jennie L. Broom ("Broom") because she refused to sign a release for job-related personal injuries. As a result, the jury awarded her $27,806.51 for mental anguish. The court denied Broom's motion for judgment, granted BBI a judgment notwithstanding the verdict, and held that "no cause of action existed at law to support a judgment" for wrongful discharge. In one point of error, Broom challenges the court's decision to grant the judgment notwithstanding the verdict. We will reverse.

On December 11, 1992, Broom was working in the deli-bakery of a BBI grocery store in Nacogdoches when she fell and injured her back. At the time, BBI was a "non-subscriber" under the Workers' Compensation Act. TEX.REV.CIV.STAT.ANN. arts. 8306–8309f (Vernon 1967). BBI sent Broom to a doctor for medical treatment. On May 3, 1993, the doctor advised Broom that she could return to work if she would perform light duties. Instead of assigning Broom tasks that would be considered light duty, BBI reduced her hours.

In July 1993, a dispute arose between Broom and BBI regarding its failure to pay medical expenses that she had incurred. Subsequently, Brent Brookshire, the manager of BBI, asked Broom to sign a document releasing BBI of all liability for her injuries. Brookshire told Broom that, according to company policy, she would lose her job if she did not agree to sign the release. Broom refused to sign the release and she was terminated.

On August 9, 1993, Broom filed suit against BBI alleging personal injury damages and wrongful termination. After a jury trial, the jury held that BBI was not negli-

gent, but answered the questions relating to Broom's discharge as follows:

## QUESTION 5

Did BBI discharge Jennie Broom?

Answer "Yes" or "No"

Answer: *"Yes"*

## QUESTION 5–A

Did Brookshire Brothers, Inc. discharge Jennie Broom solely because she refused to sign the release of claims?

Answer "Yes" or "No"

Answer: *"Yes"*

"The law provides that employment-at-will, that is, not by contract for a specified period of time, may be terminated by either the employer or the employee without notice or cause, except the employer may not terminate the employment solely because the employee refused to do an illegal act."

If they answered "yes" to Question 5–A, Question 6 read as follows:

## *QUESTION 6*

What sum of money, if any, if now paid in cash, would reasonably and adequately compensate the plaintiff, Jennie Broom, for damages sustained as a result of the discharge by the defendant Brookshire Brothers, Inc.?

In answering this question you may consider only the elements of damages listed below. You are to consider each element of damages separately, so as not to include damages for one element in any other element.

1. Lost wages in the past (between the date of discharge and today) $ *None.*

2. Lost wages that will in reasonable probability be incurred in the future. *None.*

3. Mental anguish in the past. *$27,-806.51.*

4. Mental anguish that and reasonable probability will be incurred in the future. *None.*

Answer in dollars and cents, if any, or none.

Despite the jury's verdict, the court denied Broom's motion for judgment, granted BBI judgment notwithstanding the verdict, and held that "no cause of action existed at law to support a judgment" in favor of Broom.

▆▆▆▆ In one point of error, Broom contends the court erred when it granted BBI's motion. She argues that her recovery for wrongful discharge was authorized under sections 451.001 and 406.035 of the Texas Labor Code. TEX.LAB.CODE ANN. §§ 451.001, 406.035 (Vernon 1995). Section 451.001 states that an employer may not discharge an employee in retaliation for the employee's pursuit of a workers' compensation claim or for an employee hiring a lawyer to represent the employee for any other claim against the employer. TEX.LAB.CODE ANN. § 451.001 (Vernon 1995). Section 406.035 provides that any agreement to waive the employee's right to compensation for an on-the-job injury is void. *Id.,* § 406.035 (Vernon 1995).

Even if the statutory provisions had never been enacted, Broom argues that she would have a cause of action for wrongful discharge under the common law. Although the only judicially recognized exception to the employment-at-will doctrine in Texas is that an employer may not discharge an employee for refusing to do an illegal act, Broom reasons that it is contrary to public policy to permit a non-subscribing employer to discharge an employee in retaliation for an employee's refusal to sign a release for job-related injuries. *See, Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985); *see also, Texas Health Enterprises, Inc. v. Kirkgard,* 882 S.W.2d 630 (Tex.App.—Beaumont 1994, writ den'd). To hold otherwise, Broom concludes, would deter the willingness of an employee to pursue legal remedies, would negate an employer's incentive to provide a safe place to work, and would have an adverse effect on taxpayers.

BBI argues, however, that the court properly disregarded the jury's answers to the questions because Broom failed to adequately assert a claim under the Texas Labor Code and failed to state any other cause of action. According to BBI, Broom's petition relied on a common law cause of action, which did not

exist, rather than accurately stating that she was attempting to recover under Section 451.001. TEX.LAB.CODE ANN. § 451.001. BBI concludes that, because Broom failed to state a legal claim, we must affirm the take-nothing judgment rendered by the trial court. In addition, it argues that Broom failed to request the court to submit jury questions in accordance with the statutory provisions in the Labor Code or with pattern jury charges. *Id.*, 2 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES, PAUL J. McCLUNG 29.01 (1989). We do not agree.

■ A court may grant a motion for judgment notwithstanding the jury's verdict when: (1) a defect specifically identified in the non-movant's pleading makes it insufficient to support a judgment; (2) the truth-of-fact propositions, under the substantive law, established the right of the movant; or (3) the evidence is insufficient to raise an issue as to one or more fact propositions that the non-movant must establish for the court to render judgment in its favor. *Angelo Broadcasting, Inc. v. Satellite Music Network, Inc.*, 836 S.W.2d 726, 732 (Tex.App.—Dallas 1992, writ denied). Here, we must determine whether the allegations in Broom's fourth amended original petition were sufficient to state a cause of action against BBI.

■ At a minimum, Broom's pleading must provide "a short statement of the cause of action sufficient to give fair notice of the claim involved". TEX.R.CIV.P. 47; *see also Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982); *Torch Operating Company v. Bartell*, 865 S.W.2d 552, 554 (Tex.App.—Corpus Christi 1993, writ denied); *Ransopher v. Deer Trails, Ltd.*, 647 S.W.2d 106, 110 (Tex. App.—Houston [1st Dist.] 1983, no writ). The test for fair notice is "whether an opposing attorney of reasonable competence, with the pleadings before him, can ascertain the nature and the basic issues of the controversy and the testimony probably relevant." *State Fidelity Mortgage Company v. Varner*, 740 S.W.2d 477, 479 (Tex.App.—Houston [1st Dist.] 1987, writ denied). Specific statutory references are unnecessary. *Colbert v. Dallas Joint Stock Land Bank of Dallas*, 129 Tex. 235, 102 S.W.2d 1031, 1033 (1937); *State Fidelity Mortgage Company*, 740 S.W.2d at

479. "The statutes and rules contemplate primarily the allegation of the facts out of which the rights of plaintiff have grown, and do not require the presentation of the theory or theories of law applicable to the facts alleged or that the allegations of fact be fitted into a form or forms of action." *Colbert*, 102 S.W.2d at 1033.

■ Broom's fourth amended original petition read as follows:

## IV.

Plaintiff brings suit herein for wrongful discharge at common law and as an expansion of the exception carved out of the employment-at-will doctrine in *Sabine Pilot Services v. Hauck* and requests judgment of the court after jury trial on the facts set forth herein, to-wit, that plaintiff having refused (on pain of losing her job) that the demand of defendant, Brookshire Brothers, Inc., to execute a release of any and all claims for the sum of five dollars, plaintiff was willfully and maliciously discharged which was the producing and proximate cause of emotion distress and loss of income, for which cause of action for wrongful discharge the plaintiff seeks actual and exemplary damages herein as set forth above.

She attached as an exhibit to her petition a copy of the workers' compensation claim that she had filed. We hold that Broom's pleadings gave BBI sufficient notice of her wrongful discharge claim under the Labor Code even though the language of the act was not specifically mentioned in her petition. Broom stated that she suffered damages as a result of BBI terminating her for refusing to sign a release. Broom's failure to expressly plead a reference to the Labor Code is not controlling because the facts set forth in her petition gave BBI ample notice that her claim was for wrongful termination. Furthermore, it does not matter that Broom had not yet filed a claim for personal injuries at the time when she was fired. Texas courts recognize the validity of a cause of action under 451.001 when an employee is terminated before the employee has actually filed a claim. *See, Texas Health Enterprises, Inc.,*

882 S.W.2d at 633; *see also, Mid–South Bottling Company v. Cigainero,* 799 S.W.2d 385 (Tex.App.—Texarkana 1990, writ denied). We now turn to BBI's claim that Broom never secured a jury finding on the correct issues. Under the Texas Pattern Jury Charges, the issue under Section 451.001 would read as follows:

### QUESTION 1

Did Brookshire Brothers, Inc. discharge Jennie Broom in violation of the Texas Workers' Compensation Act?

The Texas Workers' Compensation Act provides that no person may discharge or in any other manner discriminate against an employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted in good faith, any proceeding under the Texas Workers' Compensation Act, or has testified or is about to testify in any such proceeding.

Answer "Yes" or "No"

Answer: _____

2 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES, PAUL J. McCLUNG 29.01 (1989); TEX.LAB.CODE ANN. § 451.001 (Vernon 1995). After comparing the issues that the jury answered in favor of Broom and the issues that ideally should have been submitted to the jury according to the Texas Pattern Jury Charge under Section 451.001, we are unable to determine any material difference in the issues. The jury affirmatively answered that Broom's failure to sign the release was the sole reason for her discharge. Because the evidence is undisputed that Broom's termination was connected to, and intertwined with, her workers' compensation claim against a non-subscribing employer, Broom is entitled to recover under the statutory provisions of the Texas Labor Code. *See Texas Health Enterprises, Inc.,* 882 S.W.2d at 632. Therefore, we reverse the judgment of the trial court and render judgment for Broom in the sum of $27,806.51, the amount found by the jury, plus interest from the date of judgment.