James SMITH, Appellant,

v.

**H.E. BUTT GROCERY COMPANY,**
Appellee.

No. 09–98–291 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Nov. 18, 1999.

Decided June 8, 2000.

Mike Jacobellis, Tonahill, Hile, Jacobellis, Dutton & Bragg, Beaumont, for appellant.

Elizabeth B. Pratt, Mehaffy & Weber, Beaumont, for appellee.

Before BURGESS, STOVER and HILL,[1] JJ.

## OPINION

JOHN HILL, Justice (Assigned).

James Smith appeals from an order dismissing his personal injury suit against H.E. Butt Grocery (HEB), his former employer, after he failed to submit the case to arbitration as required by an agreement between him and HEB. In five issues on appeal he contends: (1) the Texas Work-

ers' Compensation Act prohibits agreements to waive rights under the Act, and this prohibition on waiver applies to nonsubscribers and applies to agreements to arbitrate; (2) the trial court erred in finding that the Federal Arbitration Act provisions preempted the Texas Workers' Compensation Act; (3) the trial court erred by ordering arbitration under the Federal Arbitration Act because the federal act does not apply to contracts, such as James Smith's, that do not involve interstate commerce; (4) the contract requiring arbitration of claims for personal injury should not be enforced as it is unconscionable and against public policy; and (5) the trial court erred in dismissing the case after defendant refused to pay one half of the arbitration fees.

We affirm because the trial court did not abuse its discretion in ordering that Smith's claim be submitted to arbitration and then dismissing his claim after he did not pursue arbitration by the date specified in the trial court's order.

On September 15, 1994, HEB elected to be a nonsubscriber under the Texas Workers' Compensation Act. On August 10, 1994, Smith, while working for HEB, signed a document submitted to him by HEB termed an "Election and Agreement Form." In the agreement, Smith was given the option to receive what HEB termed comprehensive coverage. The agreement provided that if Smith chose comprehensive coverage any disputes, including occupational death, injury, or disease, were to be submitted to binding arbitration. Alternatively, Smith had the option to elect to receive basic coverage. Smith signed the agreement electing to receive comprehensive coverage, thereby agreeing to binding arbitration in the event of any dispute with HEB.

Smith alleges he injured his lower back in 1995 while moving defective carts. Af-

---

1. The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1998).

ter Smith filed suit, HEB, relying on Smith's agreement, filed a motion to stay the litigation and to compel Smith to engage in arbitration under the Federal Arbitration Act. The trial court ordered the litigation stayed and that Smith was to commence arbitration on or before December 15, 1996, or have the case dismissed. The trial court dismissed Smith's claim upon his failure to commence arbitration by the scheduled date. The basic issue in this case is whether the trial court abused its discretion when it dismissed Smith's personal injury cause against HEB after Smith failed to file his case with the arbitrator by the time designated by the trial court.

■ A party seeking to compel arbitration must establish the existence of an arbitration agreement and show the claims raised fall within the scope of that agreement; once the party establishes a claim within the arbitration agreement, the trial court must compel arbitration and stay its own proceedings. *See In re Oakwood Mobile Homes, Inc.,* 987 S.W.2d 571, 573 (Tex. 1999). HEB presented evidence that Smith signed an arbitration agreement on August 10, 1994. That agreement includes an arbitration clause in which the parties agree that all disputes and claims relating, in any manner, "to the Agreement, the Plan, or the Trust *or to the occupational injury, death or disease of Partner* shall be submitted to final and binding arbitration under the Federal Arbitration Act...." The arbitration clause further provided that the agreement includes, but is not limited to, claims relating to the formation, application and interpretation of the Agreement and eligibility for benefits from the Trust, coverage under the Plan or claims for damages or monetary award. Once HEB established the existence of the arbitration agreement, Smith had the burden to show the agreement was procured in an unconscionable manner, induced or procured by fraud or duress, or that HEB

waived arbitration under the agreement. *See Oakwood Mobile Homes,* 987 S.W.2d at 573. The unconscionability requirement relates to the actual making or inducement of the arbitration agreement, not the unconscionability of the contract itself. *See id.* at 573, n. 3. Whether the terms and conditions of an arbitration agreement are themselves unconscionable is a matter that must be submitted to the designated arbitrator. *Id.*

■ Smith urges in issue four that the contract requiring arbitration of claims for personal injury should not be enforced as it is unconscionable and against public policy. He contends the agreement is one-sided, the result of the agreement is unconscionable, the release of liability contained in the agreement is void as against public policy, there was no bargaining, and the parties had unequal bargaining power. Of these, only his contention that there was no bargaining and the parties had unequal bargaining power are matters involving judicial review; the other issues involve the unconscionability of the agreement itself and are therefore matters to be considered by the designated arbitrator. *See id.*

■ The unequal bargaining power of the employer-employee relationship does not establish grounds for defeating an arbitration agreement under the Federal Arbitration Act. *See EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 90–91 (Tex.1996). We find Smith's argument that there was no bargaining in reaching the agreement is related to that issue. To the extent it is a separate issue, Smith presents no authority that entering into an agreement is unconscionable merely because the contract does not result in bargaining by the parties, and we are not aware of any. We overrule Smith's contentions as presented in issue four.

■ Smith contends in issue one that the Texas Workers' Compensation Act

prohibits agreements to waive rights under the act, and this prohibition on waiver applies to nonsubscribers and applies to agreements to arbitrate. Most of Smith's argument under this issue does not go to the validity of his agreement to arbitrate, but to the invalidity of the remainder of the agreement. As we have previously noted, once it is established that there is an arbitration agreement that has been properly obtained, the trial court must compel arbitration and stay its own proceedings. Consequently, the issues presented in issue one that go to the contract generally, as opposed to the arbitration provision, are to be determined by the designated arbitrator, not the trial court or this court.

Smith relies upon the cases of *Texas Health Enterprises, Inc. v. Kirkgard*, 882 S.W.2d 630, 634 (Tex.App.—Beaumont 1994, writ denied); *Hazelwood v. Mandrell Indus. Co., Ltd.*, 596 S.W.2d 204 (Tex. Civ. App—Houston [1st Dist.] 1980, writ ref'd n.r.e.); and *Broom v. Brookshire Bros., Inc.*, 923 S.W.2d 57 (Tex.App.—Tyler 1995, writ denied). We have examined all of these authorities. If anything, they go to the merits of his argument relating to the validity of the agreement in general, rather than to the validity of the agreement to arbitrate, or to the question of who is to determine such issues, the designated arbitrator or the trial court. We therefore find these authorities are not inconsistent with this opinion.

Smith contends the agreement to arbitrate itself is invalid, but presents no authority in support of his contention. We are unaware of any authority invalidating such an agreement that has not been shown to be unconscionable or improperly obtained. We overrule Smith's contentions as presented in issue one.

Smith insists in issue two the trial court erred by determining that the Federal Arbitration Act, 9 U.S.C. §§ 1–16, preempts the Texas Workers' Compensation Act. The trial court did not err to the extent that it held the Federal Arbitration Act required arbitration of Smith's claim. *See Miller v. Public Storage Management, Inc.*, 121 F.3d 215, 219 (5th Cir.1997); *Cline v. H.E. Butt Grocery Co.*, 79 F.Supp.2d 730, 732 (S.D.Tex.1999); *In Re Foster Mold, Inc.*, 979 S.W.2d 665, 667 (Tex.App.—El Paso 1998, orig. proceeding). Smith relies upon the cases of *Texas Mfd. Hous. Ass'n. v. City of Nederland*, 101 F.3d 1095 (5th Cir.1996); *Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1280 (5th Cir.1994); *Ruiz v. Miller Curtain Co.*, 702 S.W.2d 183 (Tex.1985); and *Hook v. Morrison Milling Co.*, 38 F.3d 776 (5th Cir. 1994). We have examined these authorities and find them distinguishable because, while they all deal with federal preemption issues, none relates to preemption in regard to the validity of an agreement to arbitrate in the workers' compensation context. We overrule Smith's contentions contained in issue two.

■ Smith insists in issue three the trial court erred in ordering the arbitration because the federal act does not apply to contracts, such as his, that do not involve interstate commerce. Even if Smith himself is not involved in interstate commerce, the Federal Arbitration Act applies where, as here, his employer's business operations involve interstate commerce. *See BWI Companies, Inc. v. Beck*, 910 S.W.2d 620, 623 (Tex.App.—Austin 1995, orig. proceeding [leave denied] ). We overrule Smith's contentions as contained in issue three.

Smith argues in issue five that the trial court erred in dismissing his claim after HEB refused to pay its share of the arbitration agreement. The agreement between Smith and HEB calls for each to pay one half of the arbitrator's fees. After the trial court issued its order requiring arbitration, Smith apparently sought to compel payment by HEB of all, not one

half, of the filing fee required by the arbitrator. There is nothing in the record indicating his request was ever submitted to the trial court. His assertion that HEB refused to pay its share is unsupported by the record. There is no indication in the record that Smith sought to file a claim with the arbitrator accompanied by one-half of the filing fee and was denied, and there is no indication in the record that Smith sought to file the claim accompanied by one-half of the filing fee and that HEB refused to add its half to allow the filing of the claim. We therefore hold the trial court did not err by dismissing Smith's claim due to his failure to proceed with arbitration as ordered. We overrule Smith's contentions contained in issue five.

The order dismissing Smith's claim is affirmed.

AFFIRMED.

EARL B. STOVER, Justice, concurring.

Currently before the Texas Supreme Court are a number of cases involving enforcement of arbitration agreements in the employer/employee non-subscriber context.

Although arbitration agreements are highly favored by the law and the courts, as exemplified by our recent opinion in *In re Certain Underwriters at Lloyd's*, 18 S.W.3d 867 (Tex.App.—Beaumont 2000) original proceeding [mand. denied], there is a danger in enforcing such agreements *carte blanche* in the employer/employee non-subscriber context. Under certain circumstances, public policy alone would preclude such enforcement. *See Reyes v. Storage & Processors, Inc.*, 995 S.W.2d 722 (Tex.App.-San Antonio 1999, pet. denied). However, in the instant case, the record does not support a public policy argument.

I have in a prior, albeit unpublished dissent in an opinion out of this court, voiced my concern regarding arbitration clauses contained in employee welfare benefit plans (which take the place of workers' compensation) that contain a provision requiring the injured worker to pay a portion of arbitration costs up front. Although I have not altered my opinion regarding such clauses, the Texas Supreme Court recently denied the petition for writ of mandamus filed by the employee in that case. Here, appellant filed a motion to compel H.E.B. to pay the arbitration fee, but there is nothing to indicate the motion was ever ruled on. Therefore, with some reservation, I concur with the majority opinion.