The **TEXAS MEXICAN RAILWAY COMPANY**, Petitioner,

v.

Lawrence P. **BOUCHET**, Respondent.

No. 96–0194.

Supreme Court of Texas.

Argued Nov. 21, 1996.

Decided Feb. 13, 1998.

Leonard H. Bucklin, Corpus Christi, Donato D. Ramos, Laredo, W. Wendell Hall, Renee A. Forinash, San Antonio, Guy H. Allison, Corpus Christi, for Petitioner.

Robert E. Valdez, Linda L. Daniels, San Antonio, for Respondent.

ABBOTT, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, GONZALEZ, HECHT, ENOCH, OWEN, BAKER and HANKINSON, Justices, join.

The issue in this case is whether employers that are nonsubscribers to the Texas Workers' Compensation Act can be sued for acts of discrimination that violate Texas Revised Civil Statute article 8307c. Because we hold that they cannot, we reverse the judgment of the court of appeals and render judgment that Bouchet take nothing on his article 8307c claim.

I

Lawrence Bouchet injured his back on June 29, 1987, while in the course and scope of his employment with the Texas Mexican Railway Company (Railway). Bouchet continued to work until his condition worsened and he underwent surgery. After surgery, Bouchet returned to work on a restricted

schedule and light-duty basis. Based on its internal policies, the Railway paid Bouchet's medical bills, transportation costs for medical care, and full salary while the parties negotiated settlement of Bouchet's claim.

On December 23, 1991, Bouchet sued the Railway in state district court under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51, for the personal injuries he had suffered on the job. After Bouchet filed suit, the Railway discontinued the salary and transportation payments, but continued paying Bouchet's medical expenses. In September 1992, Bouchet amended his petition to add a claim that the Railway had violated Texas Revised Civil Statute article 8307c by denying Bouchet benefits and discharging him in retaliation for his filing of the FELA lawsuit.

At trial, the jury determined that Bouchet suffered $100,000 in damages on his FELA claim, that Bouchet was 80% responsible for his injury, and that the Railway was 20% responsible for Bouchet's injury. The jury also found that the Railway did not wrongfully retaliate against Bouchet. The trial court rendered judgment on the verdict that the Railway pay $20,000 to Bouchet on the FELA claim and that Bouchet take nothing on his article 8307c claim.

Bouchet appealed, arguing that the trial court should have found an article 8307c violation as a matter of law. He also argued that the jury's failure to find such a violation was against the great weight and preponderance of the evidence. The Railway responded that Bouchet could not recover under 8307c because he was not entitled to workers' compensation benefits and, alternatively, that the jury correctly found against Bouchet on that claim.

The court of appeals concluded that the anti-retaliation provision [1] protects employees of both subscribers and nonsubscribers to the Texas Workers' Compensation Act. The court held that an employee who files a claim under FELA, or hires an attorney to assist in a FELA claim, is protected from retaliation by Texas Labor Code section 451.001. 915 S.W.2d 107, 110–12. Because the court of appeals also held that the jury's finding that the Railway had not discriminated against Bouchet was against the great weight and preponderance of the evidence, it reversed and remanded on Bouchet's retaliation claim. The Railway filed an application for writ of error with this Court, asserting that the court of appeals erred by applying the anti-retaliation provision to a nonsubscribing employer and by incorrectly applying the standard of review for a great weight and preponderance of the evidence challenge.[2]

## II

■ As a threshold matter, Bouchet asserts that the Railway waived any error concerning its nonsubscriber status by not assigning error with requisite specificity in its motion for rehearing in the court of appeals.[3] Bouchet argues that the Railway's motion for rehearing was limited to whether the Federal Employers Liability Act preempted Bouchet's state law claim, and did not address whether the anti-retaliation provision applied to nonsubscribing employers.

■ A point of error is "sufficient if it directs the attention of the appellate court to the error about which complaint is made." *Anderson v. Gilbert*, 897 S.W.2d 783, 784 (Tex.1995). Courts should liberally construe briefing rules. *See Williams v. Khalaf*, 802

---

1. Bouchet sued in 1992 under Tex.Rev.Civ. Stat. Ann. article 8307c, which was recodified in 1993 as Tex. Lab.Code § 451.001–.003. The court of appeals analyzed Bouchet's claim under Tex. Lab. Code § 451.001.

2. The Railway did not raise in its application for writ of error the argument that Justice Spector utilizes as the basis to concur with our judgment that Bouchet take nothing on his article 8307c claim. The Railway's sole argument regarding the anti-retaliation provision was that the court of appeals erred "by holding that employees of nonsubscribers can recover under Article 8307c" and "by holding that nonsubscribers are subject to Article 8307c." *See* Petitioner's Application for Writ of Error at 4–5.

3. *See* Tex.R.App. P. 100(a), 131(e)(repealed 1997); *Oil Field Haulers Ass'n v. Railroad Comm'n*, 381 S.W.2d 183, 189 (Tex.1964). The recently-enacted Rules of Appellate Procedure do not require a party to file a motion for rehearing in the court of appeals before filing a petition for review in this Court. *See* Tex.R.App. P. 53.7.

S.W.2d 651, 658 (Tex.1990). The court of appeals in this case jointly discussed the Railway's argument that Texas Labor Code section 451.001 does not apply to FELA claims and its argument that section 451.001 does not apply to nonsubscribers generally. The issue framed by the court of appeals was "whether a Labor Code § 451.001 question on wrongful discrimination is proper in an FELA case." 915 S.W.2d at 110. Under that framing of the issue, the court of appeals pronounced its holding regarding nonsubscriber liability. *Id.* at 112.

The Railway challenged that holding by arguing in its motion for rehearing that the court of appeals erred by applying the anti-retaliation provision to a railroad governed by FELA. Thus, the Railway's motion for rehearing was consistent with the wording used by the court of appeals to frame the issue and was sufficient to inform the appellate court of the nonsubscriber argument presented here. Even applying the narrow interpretation urged by Bouchet requires analysis of whether a nonsubscribing entity can be liable under the anti-retaliation provision. Accordingly, we conclude that we have jurisdiction to consider the merits of the Railway's argument.

### III

█ Bouchet argues that the Railway retaliated against him because he filed a claim under FELA and hired a lawyer to represent him in that claim. Bouchet does not allege that he ever (1) filed a claim under the Texas Workers' Compensation Act, (2) was entitled to any benefits under the Act, or (3) that the Railway was a subscriber to that Act. Nevertheless, he contends that the language of article 8307c is broad enough to protect employees from retaliation by their nonsubscribing employers for *any type of claim* that employees may assert against their employer, including claims unrelated to workers' compensation. Thus, he argues that article 8307c precludes the Railway from discriminating against him because he filed a FELA claim.

Before the 1993 recodification, the part of article 8307c relevant to this case provided:

No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, *any proceeding under the Texas Workmen's Compensation Act,* or has testified or is about to testify in any such proceeding.

TEX.REV.CIV. STAT. ANN. art. 8307c (emphasis added), *recodified at* TEX. LAB.CODE § 451.001.

█ The plain and common meaning of the statute's language provides protection only for claimants proceeding or testifying under the Workers' Compensation Act. The phrase "under the Texas Workmen's Compensation Act" modifies all of the employee actions specifically protected by the statute: the good faith filing of a claim, hiring a lawyer to represent an employee in a claim, instituting a proceeding, and testifying in a proceeding.

Bouchet's interpretation of article 8307c arbitrarily applies the phrase "under the Texas Workmen's Compensation Act" only to "instituting or causing a proceeding to be instituted" under the Act and testifying in a proceeding under the Act. Under Bouchet's interpretation, even if an employee filed, or hired a lawyer to represent him in, a claim against the employer that was not related to an injury suffered at work, article 8307c would protect that activity from employer retaliation.

That interpretation, as well as the position taken by the concurring and dissenting opinion, is directly at odds with the Legislature's express purpose for enacting article 8307c. The Legislature enacted article 8307c in 1971 to protect "persons who file a claim or hire an attorney or aid in filing a claim or testify at hearings concerning a claim under the Texas Workmen's Compensation Act," *see* Act of April 22, 1971, 62d Leg., R.S., ch. 115, 1971 Tex. Gen. Laws 884, because those persons "are alleged to be often fired or discriminated against by employers for such claims." HOUSE COMM. ON JUDICIARY, BILL ANALYSIS, Tex. H.B. 113, 62d Leg., R.S. (1971); *see also Carnation Co. v. Borner,* 610 S.W.2d 450, 453 (Tex.1980)("The Legislature's purpose in en-

acting article 8307c was to protect persons who are entitled to benefits under the Worker's Compensation Law and to prevent them from being discharged by reason of taking steps to collect such benefits.").

The concurring and dissenting opinion reviews general definitions provided by the Texas Workers' Compensation Act for terms such as "employee," "subscriber," and "person," and concludes that the "Legislature's use of the term 'person,' rather than 'subscriber,' thus suggests that the Legislature did not intend to exclude nonsubscribers from the Anti–Retaliation Law." [4] *Post*, at 57. We need not speculate, however, about the Legislature's intent. The bill analysis from the House Committee on the Judiciary noted that the purpose of article 8307c was to protect "persons who bring Workmen's Compensation claims or testify in such actions." HOUSE COMM. ON JUDICIARY, BILL ANALYSIS, Tex. H.B. 113, 62d Leg., R.S. (1971). Although the term "person" may have different meanings in different contexts under the Workers' Compensation Act, there can be no doubt that only employees of subscribers to the Act can bring workers' compensation claims. Because the Legislature stated article 8307c was intended to protect "persons who bring Workmen's Compensation claims," only subscribers can be subject to article 8307c claims.

The court of appeals relied heavily on the Legislature's extensive revisions to the Workers' Compensation Act in 1989 as support for its conclusion that Bouchet could maintain an article 8307c claim. The court of appeals concluded that, because article 8307c was not included in Senate Bill 1, which completely overhauled the state's workers' compensation law, the anti-retaliation provision was "no longer tied to the workers' compensation scheme or statute" after the 1989 revisions. 915 S.W.2d at 110. We fail to see any significance in the Legislature's failure to include article 8307c in Senate Bill 1. The language of article 8307c was not changed at all by the 1989 revisions to the Workers' Compensation Act, and the Legis-

lature clearly did not intend to make a substantive change in 8307c. *See* Tex. S. Con. Res. 28(7–9), 71st Leg., 2d C.S., 1989 Tex. Gen. Laws 133; Tex. H.R. Con. Res. 46(5–7), 71st Leg., 2d C.S., 1989 Tex. Gen. Laws 168.

That the Legislature did not intend a substantive change to article 8307c with the 1989 revisions to the Workers' Compensation Act is confirmed by a debate in the House of Representatives. In response to a question about the continuing viability of an employee's cause of action for retaliation for filing a workers' compensation claim, Representative Seidlits stated that, "[W]e have gone back to current law, [article] 8307c, which is current law, operating in, in essence, we have reinstated current law."

When considering the entire legislative history of article 8307c, the Legislature's intent is unmistakable: article 8307c is intended to apply only to employees and employers who act under the Texas Workers' Compensation Act. Accordingly, we hold that any alleged retaliation by the Railway against Bouchet for filing a FELA claim and hiring a lawyer to assert that claim is not actionable under article 8307c. This conclusion is consistent with our statement in *City of LaPorte v. Barfield*, 898 S.W.2d 288, 293 (Tex.1995): "Forbidding retaliation against an employee for seeking monetary benefits under the Worker's Compensation Law presupposes that the employer is a subscriber."

## IV

■ Although Bouchet filed his article 8307c lawsuit against the Railway before that article was recodified in 1993 as Texas Labor Code section 451.001, the court of appeals analyzed Bouchet's claim under that Labor Code section. Even if Labor Code section 451.001, rather than article 8307c, governed the disposition of this case, we would reach the same result. As recodified, the statute provides:

**Discrimination Against Employees Prohibited.** A person may not discharge or in

---

4. Oddly, the concurring and dissenting opinion cites *City of LaPorte v. Barfield*, 898 S.W.2d 288, 293 (Tex.1995), for that proposition. *Barfield* stated: "Forbidding retaliation against an em-

ployee for seeking monetary benefits under the Worker's Compensation Law presupposes that the employer is a subscriber." *Id.* at 293.

any other manner discriminate against an employee because the employee has:

(1) filed a workers' compensation claim in good faith;

(2) hired a lawyer to represent the employee in a claim;

(3) instituted or caused to be instituted in good faith a proceeding under Subtitle A [Texas Workers' Compensation Act]; or

(4) testified or is about to testify in a proceeding under Subtitle A.

TEX. LAB.CODE § 451.001. As we have previously recognized, the recodification of article 8307c was not a substantive revision. *See Barfield,* 898 S.W.2d at 293 ("The provision [article 8307c] has never been amended but has since been recodified without substantive change as sections 451.001–.003 of the Texas Labor Code.").

## V

Bouchet asserts that a decision reversing the court of appeals is inconsistent with *Hodge v. BSB Investments, Inc.,* 783 S.W.2d 310 (Tex.App.—Dallas 1990, writ denied), and *Texas Health Enterprises, Inc., v. Kirkgard,* 882 S.W.2d 630 (Tex.App.—Beaumont 1994, writ denied). For the reasons already stated, we disapprove *Hodge* and *Texas Health Enterprises* to the extent that they hold that an employee can assert an article 8307c claim against an employer that does not subscribe to the Texas Workers' Compensation Act.

\* \* \* \*

We hold that Bouchet cannot recover under either article 8307c or Texas Labor Code section 451.001. We therefore reverse the court of appeals' judgment and render judgment that Bouchet take nothing on his article 8307c claim. Because neither the Railway nor Bouchet appealed the trial court's judgment on Bouchet's FELA claim to the court of appeals, we do not disturb the trial court's judgment in that respect. Additionally, because of our holding, we do not reach the issue of whether the court of appeals correct-

ly applied the "great weight and preponderance of the evidence" standard of review.

SPECTOR, Justice, concurring and dissenting.

Instead of giving a remedial statute a comprehensive and liberal construction, as our caselaw requires, the majority concludes that the Anti–Retaliation Law, former article 8307c, protects only employees of workers' compensation insurance subscribers. I concur in the majority's judgment, but I cannot join its opinion. The majority's construction of the Anti–Retaliation Law is contrary to sound statutory construction principles and undermines the Legislature's policy of encouraging participation in the workers' compensation system.

### I.

Lawrence Bouchet initially sued his employer, the Texas Mexican Railway Company, under the Federal Employers Liability Act, 45 U.S.C.A. §§ 51–60 (West 1986 & Supp.1997), and the Safety Appliance Act, 49 U.S.C.A. §§ 20301–903 & 21301–04 (West 1997). Bouchet alleged that he was injured as a result of the railway's negligence while he was acting in the course and scope of his employment. After he sued, the railway reduced certain benefits that it had been providing. Bouchet then amended his petition to allege a claim for wrongful retaliation under article 8307c.[1]

The Court holds today that Bouchet is not entitled to pursue a claim under that statute because his employer was not a subscriber to workers' compensation insurance. Under the majority's view, article 8307c applies only to employees of subscribers to workers' compensation insurance. I disagree. The mere fact that Bouchet's employer was a nonsubscriber does not deprive Bouchet of the protection of the Anti–Retaliation Law.

Article 8307c provides that

[n]o *person* may discharge or in any other manner discriminate against any *employee* because the employee has in good faith

---

1. Article 8307c has since been recodified without substantive change. *See* TEX. LAB.CODE §§ 451.001–003. Because the majority refers to

article 8307c, this opinion also focuses on the uncodified statute.

filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, *any proceeding* under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

Act of May 7, 1971, 62nd Leg., R.S., ch. 115, § 1, 1971 Tex. Gen. Laws 884 (presently codified at TEX. LAB.CODE § 451.001) (emphasis added). I believe that the precise terminology employed by the Legislature in this statute, under appropriate statutory construction principles, reveals that the majority's narrow construction is erroneous.

The majority considers article 8307c in isolation, without regard to other provisions of the Act of which it was a part at the time it was enacted. In construing a statute, we have warned that "courts must examine the entire statute or act and not merely an isolated portion thereof." *State v. Terrell,* 588 S.W.2d 784, 786 (Tex.1979) (citing *Calvert v. Texas Pipe Line Co.,* 517 S.W.2d 777 (Tex. 1974)). The language of article 8307c, read in context with other portions of the workers' compensation law, strongly suggests a broader application.

At the time article 8307c was enacted, the term "employee" was broadly defined. The term included "every person in the service of another under any contract of hire, expressed or implied, oral or written." Act of March 28, 1917, 35th Leg., R.S., ch. 103, Pt. IV, § 1, 1917 Tex. Gen. Laws 269, 291 (former article 8309, § 1, repealed 1989). The term was not limited to persons employed by workers' compensation insurance subscribers.[2] Although the pre-1989 Act defined the term "subscriber" to mean employers participating in the workers' compensation insurance program, *see id.,* it did not define the term "person." The Legislature's use of the term "person," rather than "subscriber" thus suggests that the Legislature did not intend to exclude nonsubscribers from the Anti-Retaliation Law. *See City of LaPorte v. Barfield,* 898 S.W.2d 288, 295 (Tex.1995) (noting that the term "person" in the Anti-Retalia-tion Law is broader than the terms "association," "subscriber," or "employer."). Other provisions of the workers' compensation law strongly reinforce that suggestion.

The majority concludes that "[t]he plain and common meaning of the statute's language provides protection only for claimants proceeding or testifying under the Workers' Compensation Act." 963 S.W.2d at 55. I do not necessarily disagree with that statement. Where I depart from the majority is in my understanding of what it means to "proceed[ ] . . . under the Workers' Compensation Act."

At the time the Legislature enacted the Anti-Retaliation Law, the Workmen's Compensation Act governed the rights of employees of *both* subscribers and nonsubscribers. Section 4 of article 8306 of the former Act provided that "[e]mployes whose employers are not at the time of the injury subscribers . . . shall be entitled to bring suit and may recover judgment against such employers . . . for all damages, sustained by reason of any personal injury received in the course of employment." *See* Act of March 28, 1917, 35th Leg., R.S., ch. 103, Pt. I, § 4, 1917 Tex. Gen. Laws 269, 271 (repealed 1989). Section 4 also provided that certain common-law defenses, such as contributory negligence and assumed risk, were not available to employers in the suits it authorized.[3] *Id.* §§ 1, 4. The Act not only specifically authorizes suits by employees of nonsubscribers, it largely governs the employer's ultimate liability. *See* David W. Robertson, *The Texas Employer's Liability in Tort for Injuries to an Employee Occurring in the Course of the Employment,* 24 ST. MARY'S L.J. 1195, 1199 (1993) ("The unavailability of the contributory negligence defense means that an employer whose fault, however slight, was a proximate cause of the [employee's] injuries will owe full damages, notwithstanding any perception that the injured employee was also at fault in a way that was a proximate cause of the injuries."). Accordingly, an employee su-

---

**2.** The present version of the Texas Workers' Compensation Act retains that broad definition. TEX. LAB.CODE § 401.012(a).

**3.** The current Workers' Compensation Act contains similar provisions limiting the common-law defenses available to nonsubscribers and establishing the employee's burden of proof. *See* TEX. LAB.CODE § 406.033.

ing a nonsubscribing employer to recover damages for an on-the-job injury is "proceeding ... under the Act." The legislative history cited by the majority must be viewed in the context of the full range of remedies that was available under the Act at the time the Legislature enacted the Anti–Retaliation Law, including the right to pursue a common-law claim.

The majority's narrow construction of article 8307c contravenes the fundamental principle that requires courts to broadly construe remedial statutes. *See Burch v. City of San Antonio,* 518 S.W.2d 540, 544 (Tex.1975); *City of Mason v. West Tex. Utils. Co.,* 150 Tex. 18, 237 S.W.2d 273, 280 (1951). "If a statute is curative or remedial in its nature, the rule is generally applied that it be given the *most comprehensive and liberal construction possible.*" *City of Mason,* 237 S.W.2d at 280 (emphasis added). The majority acknowledges the statute's remedial purpose. 963 S.W.2d at 55. Nevertheless, the majority gives the statute the narrowest possible effect. In my view, that construction is erroneous in light of the statute's broad language and context.

The majority's error is particularly significant because the construction it imposes on the statute undermines the Legislature's intent to encourage participation in the workers' compensation insurance program. *See* Act of March 28, 1917, 35th Leg., R.S., ch. 103, Pt. I, §§ 1, 4, 1917 Tex. Gen. Laws 269, 271 (repealed 1989) (preserving common-law remedies of nonsubscribers' employees and eliminating certain common-law defenses); Robertson, *supra,* at 1199 (noting that the loss of the common-law defenses of assumed risk, contributory negligence, and fellow servant is a significant penalty for nonsubscription). As a result of the majority's decision, subscribing employers are subject to anti-retaliation suits, while nonsubscribers face no penalty for discharging or discriminating against workers who seek compensation for on-the-job injuries.

I would hold that a worker who files a claim against a nonsubscribing employer to recover damages for an on-the-job injury is entitled to sue under article 8307c.

## II.

Despite my strong disagreement with the majority's opinion, I concur in its judgment. I base that conclusion, however, on totally different grounds. I would hold that Bouchet was not entitled to sue under article 8307c because his FELA lawsuit against the railway was not a claim under the Act.

At the time Bouchet filed this lawsuit, employees of "a person covered by a method of compensation established under federal law" were not subject to the Act. Tex. Lab. Code § 406.091(a)(2). Bouchet filed his lawsuit under FELA, 45 U.S.C. §§ 51–60. That federal law provides that common carrier railroads engaged in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier ... for such injury or death resulting in whole or in part from the negligence of the officers, agents, or employees of such carrier." 45 U.S.C. § 51 (West 1986). Under section 53 of FELA, an employee's contributory negligence does not bar recovery, although it does reduce the damages recoverable. *Id.* § 53. FELA thus establishes a "method of compensation ... under federal law." FELA, and not the Texas Workers' Compensation Act, authorized Bouchet's lawsuit and governs the extent of his employer's liability. Accordingly, Bouchet's lawsuit did not assert a claim under the Texas Workers' Compensation Act.

## III.

In light of the Anti–Retaliation Law's language and context, the majority errs in holding that the statute does not protect employees of nonsubscribers. I concur in the majority's judgment, however, because Bouchet's suit arose under FELA, not the Texas Workers' Compensation Act.