In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-207 CV


____________________



ERNESTO LUNA, Appellant



V.



GUNTER HONEY, INC., Appellee






On Appeal from the 88th District Court


Hardin County, Texas


Trial Cause No. 42395






MEMORANDUM OPINION


 Appellant Ernesto Luna sued Gunter Honey, Inc. under the anti-retaliation provision
of the Texas Workers' Compensation Act. See Tex. Lab. Code Ann. §§ 451.001-451.003
(Vernon 1996 & Supp. 2005). The trial court granted summary judgment for Gunter Honey,
Inc. We affirm.

 Luna worked for several years in North Dakota as a beekeeper for Gunter Honey, Inc., 
during the honey-production season. He worked in Texas for Gunter Honey Farms, a Texas
partnership, during the remainder of the year. Gunter Honey, Inc. produces honey. Gunter
Honey Farms repairs and refurbishes bee hives, manufactures bee hives, and raises queen
bees. Luna was injured while lifting a box for Gunter Honey Farms, and he filed a claim for
workers' compensation benefits. Gunter Honey, Inc. terminated his employment after the
injury because he "was no longer performing duties for which he was hired." Luna sued
Gunter Honey, Inc. for retaliation. He did not sue Gunter Honey Farms. 

 Luna says there is a genuine issue of material fact as to whether or not Gunter Honey,
Inc. and Gunter Honey Farms are a single, integrated enterprise. He says he presented
evidence raising material fact issues regarding his claim of retaliation. He also says Gunter
Honey, Inc. did not timely assert in its answer that it is not a subscriber under the Texas
Workers Compensation Act. 

 Section 451.001(1) of the Texas Labor Code provides that a person may not discharge
or in any other manner discriminate against an employee because the employee has filed a
workers' compensation claim in good faith. Tex. Lab. Code Ann. § 451.001(1) (Vernon
1996). The employee has the burden to prove that his termination resulted from filing a
workers' compensation claim in good faith. Cont'l Coffee Prods. Co. v. Cazarez, 937
S.W.2d 444, 450 (Tex. 1996). Employers that do not subscribe to the Texas Workers'
Compensation Act are not subject to liability under Section 451.001. Texas Mexican Ry. Co.
v. Bouchet, 963 S.W.2d 52, 53 (Tex. 1998). In Bouchet, the Texas Supreme Court said that
"only subscribers can be subject to [retaliation] claims." See id. at 56; see also City of
LaPorte v. Barfield, 898 S.W.2d 288, 293 (Tex. 1995) ("Forbidding retaliation against an
employee for seeking monetary benefits under the Worker's Compensation Law presupposes
that the employer is a subscriber."). Gunter Honey, Inc. is not a subscriber under the Act. 
However, Gunter Honey Farms is a subscriber. Luna argues Gunter Honey, Inc. and Gunter
Honey Farms are a single, integrated enterprise. He says Gunter Honey, Inc. should be
assigned subscriber status, and should be liable for acts which would violate Section 451.001.

 Gunter Honey, Inc. responds that Luna did not specifically plead his "single,
integrated enterprise" theory. See generally Villanueva v. Astroworld, Inc., 866 S.W.2d 690,
695 (Tex. App.--Houston [1st Dist.] 1993, writ denied). In Astroworld, the court held that
a basis for disregarding corporate fiction is an independent ground for recovery and must be
specifically pleaded or it is waived. Id. Generally, if the nonmovant raises a new theory for
the first time in its response to a motion for summary judgment, and does not amend its
pleadings to include this additional theory of recovery, the new theory of recovery is not
considered at issue before the trial court when the trial court rules on the motion for summary
judgment. See Jones v. Wal-Mart Stores, Inc., 893 S.W.2d 144, 147 (Tex. App.--Houston
[1st Dist.] 1995, no writ). Luna did not specifically plead "single, integrated enterprise" in
his amended petition, though he did raise the issue in his response to the motion for summary
judgment.

 Luna says Gunter Honey, Inc. should have filed special exceptions if it considered his
pleadings inadequate. At oral argument in this Court, Luna denied he is asking this Court
to apply the factors some Texas appellate courts have considered in determining whether a
"single business enterprise" exists. (1)
 Instead, he argues for the standard applied by the United
States Fifth Circuit Court of Appeals in Trevino v. Celanese Corp. to determine whether two
entities may be held liable as a single employer in certain federal employment law contexts. 
See Trevino v. Celanese Corp., 701 F.2d 397, 403-404 (5th Cir. 1983). See also Skidmore
v. Precision Printing and Packaging, Inc., 188 F.3d 606, 616-17 (5th Cir. 1999); Schweitzer
v. Advanced Telemarketing Corp., 104 F.3d 761, 763-64 (5th Cir. 1997); Lusk v. Foxmeyer
Health Corp., 129 F.3d 773, 777 (5th Cir. 1997). Under the Trevino test, the four factors
considered in determining whether distinct entities constitute a single, integrated enterprise
are the following: (1) interrelation of operations, (2) centralized control of labor relations,
(3) common management, and (4) common ownership or financial control. Trevino, 701
F.2d at 404. Luna asks this Court to recognize the single, integrated enterprise concept, and
as a matter of first impression extend the application of the Trevino test to Texas workers'
compensation retaliation cases.

 In Radio & Television Broadcast Technicians Local Union 1264 v. Broadcast Service
of Mobile, Inc., 380 U.S. 255, 256-57, 85 S.Ct. 876, 877, 13 L.Ed. 2d 789 (1965), the United
States Supreme Court explained how the test, previously applied in National Labor Relations
Board decisions, had been used in determining the relevant employer for jurisdictional
purposes:

 Although a state court may assume jurisdiction over labor
disputes over which the National Labor Relations Board has, but
declines to assert, jurisdiction, there must be a proper
determination of whether the case is actually one of those which
the Board will decline to hear. The Board will assert
jurisdiction over an employer operating a radio station if his
gross receipts equal or exceed $100,000 per year, and in
determining the relevant employer, the Board considers several
nominally separate business entities to be a single employer
where they comprise an integrated enterprise. The controlling
criteria, set out and elaborated in Board decisions, are
interrelation of operations, common management, centralized
control of labor relations and common ownership. 


Broad. Serv., 380 U.S. at 256 (citations omitted). Over time the single integrated enterprise
concept was borrowed from the labor relations dispute context and applied to discrimination
cases. See Trevino, 701 F.2d at 403. The Fifth Circuit described this evolution in Trevino:

 Over the past decade, numerous courts have drawn upon
theories and rules developed in the related area of labor relations
in determining when separate business entities are sufficiently
interrelated for an employee whose Title VII rights have been
violated to file a charge against both entities. Thus the rule has
emerged that superficially distinct entities may be exposed to
liability upon a finding that they represent a single, integrated
enterprise: a single employer. 


Id. at 403-404. Courts extended the NLRB four-factor single integrated enterprise test to
actions brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C.
§§ 621-34. See, e.g., Lusk, 129 F.3d at 777; York v. Tennessee Crushed Stone Ass'n, 684
F.2d 360, 362 (6th Cir. 1982). Courts have relied on the similarity of the definition of
"employer" in discrimination statutes with the definition of "employer" in the National Labor
Relations Act in extending the "single employer" theory. See, e.g., Rivas v. Federacion de
Asociaciones Pecuarias de Puerto Rico, 929 F.2d 814, 820 n.15 (1st Cir. 1991); Armbruster
v. Quinn, 711 F.2d 1332, 1336 (6th Cir. 1983). In Armbruster, for example, the Sixth Circuit
Court of Appeals applied the single integrated enterprise theory to a Title VII case, reasoning 
"[s]ince it is clear that the framers of Title VII used the NLRA as its model, we find the
similarity in language of the Acts indicative of a willingness to allow the broad construction
of the NLRA to provide guidance in the determination of whether, under Title VII, two
companies should be deemed to have substantial identity and treated as a single employer." 
711 F.2d at 1336 (citations omitted). 

 Luna also cites Skidmore v. Precision Printing and Packaging, Inc. for his argument
that the critical question in applying the Trevino test is "which entity made the final decisions
regarding employment matters relating to the person claiming discrimination?" See 188 F.3d
606, 617 (5th Cir. 1999). He argues that because Gunter Honey, Inc. made the decision to
terminate Luna, Gunter Honey, Inc. is liable.

 Skidmore sued her employer, Precision Printing and Packaging, and her employer's
parent company, Anheuser Busch, for intentional infliction of emotional distress and sexual
harassment. Id. at 611-12. The Skidmore court focused on which entity made the
employment decisions regarding Skidmore in identifying Skidmore's employer for Title VII
purposes. Id. at 617. Precision management had terminated Skidmore's employment with
Precision, and Skidmore was attempting to extend liability to Precision's parent company,
Anheuser-Busch. Id. at 611-12. The court relied on uncontradicted testimony that Precision
hired, fired, promoted, and demoted its own employees without consulting Anheuser-Busch,
and held that Anheuser-Busch was not her employer for Title VII purposes. Id. at 617. 
Luna's case, however, does not involve a parent-subsidiary relationship, and Gunter Honey,
Inc. terminated Luna's employment with Gunter Honey, Inc., not his employment with
Gunter Honey Farms. 

 The plaintiff's amended petition does not specifically assert the theory of liability
Luna asks we adopt for the first time under the Texas worker's compensation statute. 
Regardless, extending section 451.001 liability to nonsubscribers, entities held not subject
to liability under the Act in decisions by the Texas Supreme Court, is beyond the role of an
intermediate appellate court. See, e.g., In re K.M.S., 91 S.W.3d 331 (Tex. 2002)(Courts of
appeals are not free to disregard Supreme Court pronouncements.). Luna cites no case in
which an entity who was not liable for workers' compensation benefits, and not protected
from suit at common law by the exclusivity of the workers' compensation remedy, has
nevertheless been held liable for a retaliation claim under the Act. We decline in this case
to adopt the Trevino single, integrated enterprise test to impose liability on a nonsubscriber
under Section 451.001 of the Texas Labor Code. 

 Luna argues Gunter Honey, Inc. first pled it was not a subscriber in an amended
answer filed one day before the summary judgment hearing, and failed to request leave to file
its amended answer as required by Texas Rule of Civil Procedure 63. Luna says the
amended pleading contained a new affirmative defense, was prejudicial on its face, and
constituted unfair surprise.

 An amended pleading filed within seven days of the date of trial "shall be filed only
after leave of the judge is obtained, which leave shall be granted by the judge unless there
is a showing that such filing will operate as a surprise to the opposite party." Tex. R. Civ. P.
63. A summary judgment proceeding is a trial within the meaning of Texas Rule of Civil
Procedure 63. Goswami v. Metro. Sav. and Loan Ass'n, 751 S.W.2d 487, 490 (Tex. 1988). 
Texas courts give a liberal interpretation to Rule 63. Nichols v. Bridges, 163 S.W.3d 776,
782 (Tex. App.--Texarkana 2005, no pet.); Swinney v. Winters, 532 S.W.2d 396, 400 (Tex.
Civ. App.--San Antonio 1975, writ ref'd n.r.e). Gunter Honey, Inc. asserted its
nonsubscriber status in its summary judgment motion, and the company's owner attested to
this fact in an affidavit attached to the motion. The assertion of this fact in a pleading filed
the day before the summary judgment hearing therefore would not have been a surprise to
Luna at that time. The trial judge heard arguments and responded "I'll review your
pleadings." The court granted a summary judgment motion asserting nonsubscriber status,
and implicitly granted leave of court to file the amended answer. Under these circumstances,
no error requiring reversal is presented. 

 The trial court's judgment is affirmed.

 AFFIRMED. 

 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on November 17, 2005

Opinion Delivered December 22, 2005


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The Texas Supreme Court has yet to address "whether a theory of 'single business
enterprise' is a necessary addition to Texas law," although some Texas appellate courts,
including this Court, have recognized the theory in exceptional circumstances. S. Union Co.
v. City of Edinburg, 129 S.W.3d 74, 86-87 (Tex. 2003). See, e.g., N. Am. Van Lines, Inc. v.
Emmons, 50 S.W.3d 103, 120-121 (Tex. App.--Beaumont 2001, pet. denied); Aluminum
Chems. (Bolivia), Inc. v. Bechtel Corp., 28 S.W.3d 64, 68 (Tex. App.--Texarkana 2000, no
pet.); Hall v. Timmons, 987 S.W.2d 248, 252-53 (Tex. App.--Beaumont 1999, no pet.); Old
Republic Ins. Co. v. EX-IM Servs. Corp., 920 S.W.2d 393, 395-96 (Tex. App.--Houston [1st 
Dist.] 1996, no writ); Paramount Petroleum Corp. v. Taylor Rental Ctr., 712 S.W.2d 534,
536-37 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.).