NO. 07-05-0299-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 28, 2006



______________________________




IN THE INTEREST OF J.T.W., A MINOR CHILD



_________________________________



FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;



NO. L-3592; HONORABLE JAMES W. ANDERSON, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.


MEMORANDUM OPINION



 Appellants Robert Lloyd White, II and Nanci Terese White, proceeding pro se, 
appeal the trial court's order terminating their parental rights to their daughter J.T.W. and
appointing the Texas Department of Family and Protective Services sole managing
conservator. (1) The Whites did not file a brief pursuant to Rule 38.1 of the Texas Rules of
Appellate Procedure; instead, they filed several letters by which they challenge, among
other things not material to our disposition, the legal sufficiency of the evidence to support
the trial court's order. (2) We affirm.

 Appellants do not present a fact statement as required by Rule 38.1(f); however, by
its brief, the Department presents a fact statement supported by references to the
voluminous reporter's record and clerk's record. By letter, the attorney ad litem for the child
adopts the Department's brief in its entirety. An appellate court is not required to search a
voluminous record without guidance from the appellant to determine whether an assertion
of reversible error is valid. Granada Biosciences, Inc. v. Barrett, 958 S.W.2d 215, 222
(Tex.App.--Amarillo 1997, pet. denied). Because the Whites did not challenge the
Department's fact statement, we will refer to it for all purposes. 

 The Whites are not uneducated persons. To the contrary, Robert holds Ph.D. and
M.D. degrees. Nanci holds a Master of Science degree and a Ph.D. Notwithstanding their
education, the jury found by clear and convincing evidence that the parent/child relationship
should be terminated. 

 The Whites adopted J.T.W in China in 2001 and brought her to their home in Corpus
Christi. The Department first became aware of the family in February and March 2002 upon
reports that Nanci had been hospitalized with psychotic, extremely manic and delusional
characteristics, and aggressive behavior toward Robert and others. Her treating physician
recommended that J.T.W. not be left alone with Nanci because she was emotionally
disturbed, unpredictable, and potentially violent. While residing in Corpus Christi, Robert
violated the safety plan by allowing J.T.W. to be alone with Nanci. The Department took
custody of the child in March 2002, which continued until December 2002. During this
period, the Corpus Christi Police Department continued to receive calls to the home and on
one occasion, Robert showed them a pile of broken pictures and other broken items. 
During the Whites' residency in Corpus Christi, there were a total of 37 police reports
generated resulting from calls to their home.

 After they moved to Randall County, in January 2004, the Sheriff's Office made eight
contacts with the family prompted by Nanci contacting several people and reporting that
Robert had either committed suicide, was mentally ill, or had been murdered. During a visit
in the home, a caseworker found the child alone with Robert while he was very disorganized
and he stated he took medication for depression. Among other things, Robert reported he
had seen a therapist because he had attempted suicide and had been hospitalized. 
Reports also indicated that Nanci had been diagnosed with schizophrenia and bipolar
disorder with psychotic features. On one occasion, Nanci chose to spend a night in jail due
to paranoia of her home, Robert, and her medications. She also believed the Hispanic
mafia killed her father despite his death certificate providing he died of respiratory arrest. 
Robert believed Nanci's concerns were well founded. 

 The trial court appointed a special advocate. Among other concerns, the advocate's
July 6, 2005 report provided the following:


 [Robert] takes his medications occasionally;
 [Nanci] has a history of discontinuing her medication against doctors'
orders;
 [Robert] has a history of writing refills on [Nanci's] long term
medications;
 past and current psychological history of both parents;
 [Nanci's] history of suicide attempts;
 [Robert] suffers from depression; and
 [Robert] does not recognize [Nanci's] mental instability as a problem
and often blames their situation on incompetent doctors, lawyers,
judges, and retaliation by [the Department].



The report concluded with a recommendation that the child continue placement in the
current foster home and that the Whites' parental rights be terminated.

 Appellate courts are required to liberally construe briefing rules for appeal. Texas
Mexican Ry. Co. v. Bouchet, 963 S.W.2d 52, 54 (Tex. 1998). Therefore, we consider the
Whites' contention that "[n]ot one scintilla of evidence has been adduced in any testimony,
document or court record that [J.T.W.] was ever harmed, injured, abused, threatened,
endangered or neglected in any way" as presenting a challenge to the legal sufficiency of
the evidence to support the jury's finding that termination of their parental rights was in
J.T.W.'s best interest. We conduct our review on the standard set forth in In re J.F.C., 96
S.W.3d 256, 266 (Tex. 2002).

 The Department alleged that Nanci knowingly allowed J.T.W. to remain in conditions
or surroundings which endangered her physical and emotional well-being. See Tex. Fam.
Code Ann. § 161.001(1)(D) (Vernon Supp. 2005). Robert was alleged to have (1) knowingly
allowed J.T.W. to remain in conditions or surroundings which endangered her physical or
emotional well-being and (2) engaged in conduct or knowingly placed J.T.W. with persons
who engaged in conduct which endangered her physical or emotional well-being. See §
161.001(1)(D), (E).

 Viewing the evidence summarized above in the light most favorable to the jury's
finding to determine whether it could have formed a firm belief or conviction that its finding
was true, see In re J.F.C., 96 S.W.3d at 266, we conclude the trial court's termination order
is supported by legally sufficient evidence. The Whites' contention is overruled.

 Additionally, the Whites do not present a clear and concise argument for their
contention with appropriate citations to authorities as required by Rule 38.1(h). Failure to
present argument with citations to authorities and to the record amounts to waiver of the
issue. See Nguyen v. Kosnoski, 94 S.W.3d 186, 188 (Tex.App.--Houston [14th Dist.] 2002,
no pet.).

 Accordingly, the trial court's judgment is affirmed.

 Don H. Reavis

 Justice


 
1. By order dated November 22, 2005, we granted retained counsel's motion to
withdraw and advised the Whites that a pro se litigant is held to the same standards as
licensed attorneys and must comply with applicable laws and rules of procedure. See Holt
v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex.App.--Amarillo 1998, pet. denied).
2. The Whites question the authority of a court reporter to act as a "gatekeeper" for
appellate courts. We note that a complete reporter's record was filed in this appeal
accompanied by a letter from the Official Court Reporter indicating she filed the completed
record without having received final payment. Any complaints regarding court reporters are
better directed to the Court Reporter's Certification Board.