**Affirmed and Opinion Filed February 16, 2022**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00276-CV

### JALIA STEPHENS, INDIVIDUALLY AND AS GUARDIAN OF B.S. AND S.S., MINORS, Appellant
### V.
### ROBERTO LICEA, Appellee

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-02564**

## MEMORANDUM OPINION
Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Nowell

This is an appeal from a take-nothing judgment following a jury trial in a personal injury case arising out of a vehicle collision. Appellant contends the trial court erred by excluding her medical-billing records. However, she does not challenge the jury's finding that the defendant was not negligent. Without a finding of liability, appellant's complaint about evidence of damages is immaterial. We affirm the trial court's judgment.

## Background

Jalia Stephens sued Roberto Licea for personal injuries she and her children allegedly suffered following a collision between their vehicles. She alleged she was driving through a parking lot looking for a parking space when defendant Licea negligently backed out and collided with her vehicle causing bodily injury to her and her two children. Shortly before trial, Stephens, representing herself, filed documents titled "Demand Cover Page" and "Truth Affidavit" with several documents attached, including a letter from her insurance company about the accident and bills from several medical providers. None of the documents were sworn.

Just before jury selection, Licea objected to the documents as hearsay and unauthenticated. The trial court sustained the objections.

In her opening statement, Stephens said she was taking her children to school and looking for a parking spot when she was hit from the side by Licea, who was backing out of a parking spot. Stephens maintained that ever since the accident her neck and back hurt and she has slipped discs in her back causing a stutter and face to twitching.

Stephens was the only witness at trial. During her direct testimony, Stephens testified she was in a car accident with Licea in 2016 and she and her children were still suffering. She testified her neck and back were injured and "life is really hard now." She said she stutters and her face twitches because of what happened to her

in 2016. On cross-examination, Stephens testified she was also in an accident about three months before the collision with Licea and complained of neck, back, and leg pain. Licea offered and the trial court admitted an affidavit of Stephens's medical records from the prior collision.

The jury returned a verdict finding Licea was not negligent in connection with the collision. The jury did not answer the damage question. The trial court accepted the jury's verdict and later rendered a judgment that Stephens take nothing from Licea. Stephens appeals.

### Discussion

Appellant is pro se. We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.* at 212.

An appellant's brief "must state concisely all issues or points presented for review." Tex. R. App. P. 38.1(f). Courts should liberally construe briefing rules. *Tex. Mexican Ry. Co. v. Bouchet*, 963 S.W.2d 52, 54–5 (Tex. 1998). A point of error is "sufficient if it directs the attention of the appellate court to the error about which complaint is made." *Id.* (quoting *Anderson v. Gilbert*, 897 S.W.2d 783, 784 (Tex.

–3–

1995)). However, a point that is merely an abstract proposition of law or a general complaint about the trial court's actions is too general and indefinite to merit review. *Pac. Employers Ins. Co. v. Dayton*, 958 S.W.2d 452, 455 (Tex. App.—Fort Worth 1997, pet. denied); *see also Thomann v. Lakes Reg'l MHMR Center*, 162 S.W.3d 788, 794 (Tex. App.—Dallas 2005, no pet.). An issue on appeal unsupported by argument or citation to any legal authority presents nothing for this Court to review. *Birnhaum v. Law Offices of G. David Westfall*, 120 S.W.3d 470, 477 (Tex. App.—Dallas 2003, pet. denied). Similarly, we cannot speculate as to the substance of the specific issues appellant claims we must address. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). This Court has no duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred. *Id.*

Appellant's original brief contained several errors, both formal and substantive. We notified appellant of the errors in her brief and requested she file a corrected brief. She did so, but the corrected brief contains many of the deficiencies noted in the correction letter. The brief is inadequate. However, we discern from the record that appellant's complaint is the exclusion of her medical-billing records.

The record indicates Stephens filed copies of her medical records with the trial court but did not file any affidavit or proof of the authenticity of those documents or of an exception to the hearsay rule. *See* TEX. R. EVID. 802, 803(6), 902(10); TEX. CIV. PRAC. & REM. CODE § 18.001–.002. On appeal, Stephens attached what appear

–4–

to be affidavits of medical billing records to her corrected brief, but these documents are dated after the trial court's final judgment and were never filed or offered as evidence in the trial court. Therefore, we may not consider them. *Greystar, LLC v. Adams*, 426 S.W.3d 861, 865 (Tex. App.—Dallas 2014, no pet.) ("It is well [ ] established an appellate court may not consider matters outside the record, which includes documents attached to a brief as an exhibit or an appendix that were not before the trial court.").

Further, the jury failed to find that Licea was negligent. Absent a liability finding, any complaint regarding evidence of damages is immaterial. *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 784 (Tex. App.—Dallas 2005, pet. denied) ("In the absence of liability, the issue of damages becomes immaterial.").

## Conclusion

Having liberally construed appellant's brief, we overrule the issue presented. We affirm the trial court's judgment.

200276f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JALIA STEPHENS,
INDIVIDUALLY AND AS
GUARDIAN OF B.S. AND S.S.,
MINORS, Appellant

No. 05-20-00276-CV     V.

ROBERTO LICEA, Appellee

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-02564.
Opinion delivered by Justice Nowell.
Justices Reichek and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ROBERTO LICEA recover his costs of this appeal from appellant JALIA STEPHENS, INDIVIDUALLY AND AS GUARDIAN OF B.S. AND S.S., MINORS.

Judgment entered this 16th day of February, 2022.