

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00348-CV

**MARTIN L. RILEY, JR. AND JUDITH ANN RILEY,**

**Appellants**

**v.**

**VESS OIL CORPORATION, W. GLENN BARRETT, AND BRIAN D. BARRETT,**

**Appellees**

**From the 85th District Court
Brazos County, Texas
Trial Court No. 19-002727-CV-85**

## MEMORANDUM OPINION

Martin L. Riley, Jr. and Judith Ann Riley appeal from an adverse judgment in their declaratory judgment action originally filed against Vess Oil Corporation. Vess interpled third-party defendants W. Glenn Barrett and Brian Barrett. Appellants raise two issues on appeal regarding the trial court's application of the law. We affirm.

BACKGROUND

In 1995, Appellants conveyed a mineral interest in certain property to the Barretts. The conveyance contained the following limitation: "This conveyance is limited in depth to the unitized interval referred to as the Woodbine formation in that certain Unit Agreement dated October 10, 1983, recorded in Volume 686, page 326, Deed Records, Brazos County, Texas." Article 1 of the Unit Agreement included the following definition:

> 1.2 <u>Unitized Formation</u> is the subsurface portion of the Unit Area commonly known as the Woodbine Formation and identified as that correlative zone found between the electric log depths of 8133 feet to 8788 feet in the Gulf Oil Corporation – Jones Enhanced Recovery Unit Well No. 1, . . . located in H. Cartmell Survey Abstract 87, Brazos County, Texas.

Appellants filed a petition for declaratory judgment in 2019 naming Vess Oil Corporation as defendant. They alleged that Vess is drilling the Woodbine Formation to a depth of 9600 feet, but Appellants have not been compensated for the production under the 8788-foot depth. They requested a declaratory judgment that all mineral interest described in the 1995 conveyance below the depth of 8788 feet below the surface as set forth in the Unit Agreement was retained by Appellants. They also requested attorney's fees.

Vess, successor lessee under the oil and gas lease covering the minerals in the property subject to the documents referred to above, filed a counterclaim and petition for third-party interpleader, naming the Barretts as third-party defendants. Vess suspended

royalty payments attributed to the lease for wells drilled in the unitized interval. Vess asked the court to interplead those funds, adjudicate claims to the funds, discharge Vess from all liability, and award attorneys' fees to Vess.

On March 3, 2021, the court rendered an "agreed order" awarding Vess its attorney's fees and requiring it to deposit the remaining balance of the suspended funds into the court's registry. Further, the court ordered that Vess is "discharged" from this suit and the Barretts are now identified as the defendants.

The Barretts denied Appellants' allegations and filed a counterclaim requesting a declaratory judgment declaring that they are entitled to all of the royalty payments under the mineral deed from Appellants to the Barretts for any well that is drilled in "the subsurface portion of the Unit Area commonly known as the Woodbine Formation and identified as that correlative zone found between the electric log depths of 8133 feet to 8788 feet in the Gulf Oil Corporation – Jones Enhanced Recovery Unit Well No. 1." The Barretts requested the court to interpret that language from the Unit Agreement "to mean that Barrett is entitled to any royalty from any well drilled at any depth, as long as it is in the 'correlative zone' identified in the Kurten Woodbine Unit Agreement." They prayed for a declaration that the Barretts are entitled to all funds placed in the registry of the court and all funds Vess is holding in suspense related to this matter.

Thereafter, the Barretts filed a "No Evidence Motion for Summary Judgment and Traditional Motion for Partial Summary Judgment." They assert that the Unit

Agreement's definition of the Woodbine Formation does not mean that it only exists within the 655 feet between electric log depths of 8133 feet and 8788 feet. Arguing that it is not a depth limitation, they contend the Woodbine Formation "is at different depths depending on where you are drilling." They reason that, because each of the wells Vess has drilled were drilled in the Woodbine Formation, each is subject to the conveyance from Appellants to the Barretts, and the assignment is limited in depth to the unitized interval referred to as the Woodbine Formation. Attached to the motion as exhibits are the 1995 conveyance, the Unit Agreement, a 1977 lease signed by Appellants, and Appellants' 1983 ratification of the Unit Agreement. The Barretts also presented as evidence the affidavit of Todd Fidler, Vice President, Land and Acquisitions for Vess. Attached to the affidavit are copies of Texas Railroad Commission permits for Vess wells drilled in the Woodbine Formation.

In the "no evidence" portion of the motion, the Barretts assert: (1) Appellants can produce no evidence that the assignment to the Barretts contained a depth limitation which allowed Appellants to get paid on wells that were drilled deeper than 8788 feet into the Woodbine Formation and (2) Appellants can produce no evidence that any of the funds held in the registry or held in suspense by Vess were generated from any other formation.

In their response, Appellants point out this is a declaratory judgment action and assert that "[t]he only evidence that can be presented for the purpose of this trial is the court's interpretation of the language in the referenced documents."

The trial court rendered an order granting the Barretts' no evidence motion for summary judgment. The court also ordered that royalties generated by Vess from the Woodbine Formation covered by the 1995 conveyance to the Barretts are owned by the Barretts. At a later date, the court rendered a final judgment awarding attorneys' fees to the Barretts and ordering Vess to release any suspended funds that it may be holding related to the lease and conveyance to the Barretts.

### CONTRACT CONSTRUCTION

In their first issue, Appellants contend that the trial court erred in allowing extrinsic evidence when there were no pleadings or proof as to any ambiguities in the deed. In their second issue, Appellants assert the trial court erred in not applying the long-established contract construction law applicable when ambiguity is not pled or proven. They argue that the court was to give effect to the intentions of the parties as expressed in the contract and that the specific language in the Unit Agreement identifying the depth levels controls over general provisions.

**Standard of Review**

Declaratory judgments rendered by summary judgment are reviewed under the same standards applicable for review of summary judgments generally. *Hourani v.*

*Katzen*, 305 S.W.3d 239, 248 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). We review a trial court's decision to grant summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007).

After adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. TEX. R. CIV. P. 166a(i). "The motion must state the elements as to which there is no evidence." *Id.* The rule does not authorize conclusory motions or general no-evidence challenges to an opponent's case. *Id.* cmt - 1997. Once a no evidence motion is filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to present evidence that raises a fact issue on each element contested in the motion. *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021).

**Analysis**

A declaratory judgment action is a procedural device. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b); *City of Dallas v. Albert*, 354 S.W.3d 368, 378 (Tex. 2011). Here, Appellants asked the trial court to construe an unambiguous contract. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a). The Barretts in effect argued in their motion that there is no evidence to prove Appellants' construction of the contract. The trial court granted the no-evidence motion. Appellants' issues on appeal, comprised solely of contract construction law, are wholly untethered to the procedural stance of this case.

The rules of appellate procedure require that the appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). The statement of an issue in an appellate brief is treated as covering every subsidiary question fairly included within that issue. *Id.* R. 38.1(f). Further, an issue is sufficient if it directs the appellate court's attention to the error complained of. *Texas Mexican Ry. v. Bouchet*, 963 S.W.2d 52, 54 (Tex. 1998). However, in their brief, Appellants' only arguments address the law applicable to contract construction. Appellants never mention the summary judgment standard of review. They do not attack, generally or specifically, the grounds for judgment asserted in the Barretts' motion for no evidence summary judgment. *See Rosetta Res. Operating, L.P. v. Martin*, 645 S.W.3d 212, 226-27 (Tex. 2022); *see also Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 287 (Tex. App.—Dallas 2013, pet. denied) (The legal sufficiency, that is validity, of a no- evidence motion for summary judgment may be challenged for the first time on appeal.).

This Court may not sua sponte raise grounds to reverse a summary judgment that were not briefed or argued in the appeal. *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015). Because Appellants failed to challenge the grounds on which summary judgment could have been granted on their declaratory judgment claim, we are required to affirm the granting of summary judgment on that claim. *See Malooly Bros.*,

*Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *Juarez v. Longoria*, 303 S.W.3d 329, 330 (Tex. App.—El Paso 2009, no pet.).  We overrule Appellants' first and second issues.

## CONCLUSION

Having overruled Appellants' issues, we affirm the trial court's judgment.


STEVE SMITH
Justice

Before Justice Johnson,
 Justice Smith, and
 Justice Wright[1]
Affirmed
Opinion delivered and filed December 30, 2024
[CV06]



---

[1] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.